Charles **DUPRAZ**, individually and on behalf of all other individuals and entities similarly situated, Plaintiff,

v.

**AVENTIS CROPSCIENCE USA HOLDING, INC.,** Defendant.

No. CIV. 01–4070.

United States District Court, D. South Dakota, Southern Division.

July 9, 2001.

Richard J. Helsper, Glover, Helsper & Rasmussen, Brookings, SD, for Plaintiff.

R. Alan Peterson, Lynn, Jackson, Shultz & Lebrun, Sioux Falls, SD, for Defendant.

## MEMORANDUM OPINION AND ORDER

PIERSOL, Chief Judge.

The Plaintiff, Charles Dupraz, has filed a Motion to Remand this case to the state circuit court in Brookings County, South Dakota, where it was originally filed. The issue here is whether the amount in controversy is sufficient to support diversity jurisdiction. Because the preponderance of the evidence establishes that jurisdiction does exist, the Motion to Remand is denied.

## BACKGROUND

This lawsuit is one of many filed around the country that involve StarLink corn, a type of genetically modified seed corn that was developed and sold by Aventis. The genetic alteration in Starlink is the addition of an insecticidal protein known as "Cry9C" which enables Starlink corn to resist certain pests. Because of scientific questions about whether Cry9C would cause allergic reactions in human beings who ate it, StarLink was approved only for consumption by animals and for industrial uses. To ensure the safety of corn products eaten by humans, the Environmental Protection Agency (EPA) ordered Aventis to require farmers who bought StarLink seed corn to agree in writing to take certain precautions with the corn, such as growing buffer zones of non-StarLink corn around their StarLink crops, and segregating StarLink corn from other corn in storage and transportation.

Despite these precautions, some StarLink corn managed to make its way into grocery stores and fast-food restaurants. Some StarLink corn allegedly mingled with other corn during transportation and storage in grain elevators. According to the Complaint, StarLink also cross-pollinated, and thus contaminated, non-StarLink corn growing in different fields. Once the public found out that StarLink had seeped into the general supply of corn, South Korea and Japan banned the purchase of corn from the United States. The result of these and other events, according to the Complaint, has been a drop in the price of all corn grown in the United States, and the imposition of additional costs on farmers who did not grow StarLink but whose crops and fields were or may have been contaminated.

The named Plaintiff, Charles Dupraz, is a South Dakota farmer who seeks to certify a class of "all persons and entities who cultivated and harvested non-StarLink corn in the State of South Dakota for commercial purposes from 1998 to the present."[1] Dupraz alleges that he has

---

1. The proposed class excludes certain persons and entities associated with the defendant Aventis.

never knowingly purchased or grown Star-Link corn. He seeks, among other things, compensatory damages for the alleged drop in the price of corn as well as punitive damages. He also seeks an injunction requiring Aventis to "decontaminate all soil, farming equipment, storage equipment, harvest equipment, transportation facilities, grain elevators, and non-Star-Link seed supplies." The Complaint does not specify an amount of compensatory or punitive damages, and omits any information about the number of acres Dupraz has under cultivation or the number of acres on which he grew corn from 1998 to the present.

Aventis filed a timely Notice of Removal, stating that jurisdiction was proper under 28 U.S.C. § 1332, by reason of diversity of citizenship. While Dupraz concedes that there is complete diversity of citizenship (Aventis is a Delaware corporation with its principal place of business in North Carolina), he argues that the amount in controversy in this case does not exceed $75,000. Dupraz has submitted an affidavit averring that he does not "believe at this time" that his damages exceed $75,000. For its part, Aventis points to numerous lawsuits filed by Dupraz's lawyers in other states which raise similar claims against Aventis and which allege that the amount in controversy exceeds $75,000. Aventis also argues, without evidentiary support, that the amount of cleanup costs and potential punitive damages attributable to Dupraz exceeds the jurisdictional minimum.

## DISCUSSION

A federal district court's jurisdiction to hear a civil case that has been removed from state court is limited to those cases over which the court also has original jurisdiction. 28 U.S.C. § 1441(a). In this case, Aventis premises federal jurisdiction on diversity of citizenship, which requires that the plaintiff and defendant be citizens of different states, and that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). As the party invoking federal jurisdiction, Aventis bears the burden of establishing that there is a sufficient amount in controversy. *See Trimble v. Asarco, Inc.,* 232 F.3d 946, 959 (8th Cir.2000).

When a case is filed originally in federal district court, the standards of proof for establishing the amount in controversy are relatively straightforward. Once the amount in controversy has been challenged, the party invoking the district court's jurisdiction has the burden of establishing the existence of jurisdiction by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). In a diversity case, if the plaintiff has claimed damages that meet or exceed the jurisdictional minimum, the lawsuit must not be dismissed for lack of jurisdiction unless it appears "to a legal certainty" that the claim is really for less than the jurisdictional minimum. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). When the pleadings are inconclusive as to the amount in controversy, federal courts may look to other evidence in the record. *United Food Local 919 v. CenterMark Properties,* 30 F.3d 298, 305 (2d Cir.1994).

Exactly how these standards are to be applied when a case has been removed to federal court is not entirely clear. Federal courts have developed a number of different standards to describe a defendant's burden of establishing the amount in controversy once a motion to remand has been filed. *See* Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3725, at 89–93 (1998) (describing four different standards). In cases where the complaint does

not specify a certain amount of damages, the best approach requires the removing party to prove the existence of federal jurisdiction to a reasonable probability. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir.1993) (equating this standard with the preponderance of the evidence test established in *McNutt*). Because the Complaint in this case does not allege any specific amount of damages, Aventis must meet this burden to avoid having the case remanded to state court.

 Aventis supports its claim as to the amount in controversy in four ways. First, it points out that Dupraz's lawyers have sought damages in excess of $75,000 in numerous other cases involving Star-Link which have been filed against Aventis. Second, based on assumptions that Dupraz has 500 acres which are all planted to corn, that his yield matches the South Dakota average of 112 bushels per acre, and that he will claim a loss of at least 25 cents per bushel, Aventis estimates that the damages claimed could be in the neighborhood of $14,000 a year. Third, again assuming 500 acres (with 43,560 square feet per acre) and further assuming that decontamination costs might run to one-fourth of a cent per square foot, Aventis estimates that those costs would be $54,450. Finally, arguing by reference to what plaintiffs have sought and what juries have awarded in other civil cases, Aventis suggests that this case might produce a huge award of punitive damages—up to $1 billion.

These reasonable calculations by Aventis are enough to establish a reasonable probability that jurisdiction exists. As other district courts have observed in similar cases, the potential value of actual damages, injunctive relief, and punitive damages sought by the plaintiff could easily run over $75,000. *See Olsen v. Aventis Crop Science USA Holding, Inc.*, Civil No. A1–01–32 (D.N.D. May 24, 2001). As the

plaintiff, Dupraz is obviously in the best position to refute this probability. Dupraz, however, has submitted only an affidavit in which he carefully avoids making any binding statement that his damages do not exceed $75,000. This unwillingness to pin down an amount of damages only increases the likelihood that this case will involve relief of a value that exceeds $75,000.

Aventis has shown by a preponderance of the evidence that federal jurisdiction exists in this case. The Court finds that oral argument would not be helpful in resolving the issues raised by the Motion to Remand, and that no award of attorney fees is warranted. Accordingly,

IT IS ORDERED that the Motion to Remand is denied.