229 F.Supp.2d 927 (2002)
CITY OF UNIVERSITY CITY, Missouri, et al., Plaintiffs,
v.
AT & T WIRELESS SERVICES, INC., et al., Defendants.
No. 4:02CV249ERW.
United States District Court, E.D. Missouri, Eastern Division.
May 24, 2002.
John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, for City of University City.
John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, Robert K. McDonald, Cochran and Oswald, Blue Springs, MO, for City of Blue Springs.
*928 John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, W. Eric Cunningham, Office of the City Attorney, Cape Girardeau, MO, for City of Cape Girardeau.
Douglas R. Beach, Beach and Stewart, St. Louis, MO, John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, for City of Chesterfield.
Yewell G. Lawrence, Jr., Lawrence Law Office, Dexter, MO, John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, for City of Dexter.
Donald Kenneth Anderson, Jr., St. Louis, MO, John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, for City of Ellisville.
John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, Richard C. Bresnahan, Lang Law Office, St. Louis, MO, for City of Ferguson.
John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, for City of Florissant, City of Kirkwood, City of Maplewood, City of O'Fallon.
John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, David A. Ramsay, Gladstone, MO, for City of Gladstone.
John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, William B. Moore, Independence, MO, for City of Independence.
John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, Lloyd E. Eaker, St. Louis, MO, for City of Jennings.
Patrick R. Gunn, Gunn and Gunn, St. Louis, MO, John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, for City of Manchester.
John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, Howard Paperner, Devoto Law Offices, St. Louis, MO, for City of Maryland Heights, City of Winchester.
Thomas M. Flach, Lampin and Kell, St. Peters, MO, John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, for City of Northwoods.
John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, Lisa Robertson, Timothy J. Kissock, Office of the City Attorney, St. Joseph, MO, for City of St. Joseph.
John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, Marc S. Kramer, St. Louis, MO, for City of Vinita Park.
Marvin O. Young, Gallop and Johnson, Clayton, MO, John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, for City of Warson Woods.
John F. Mulligan, Jr., Mulligan Law Office, Clayton, MO, Dorothy L. White-Coleman, Susie M. McFarlind, White Coleman and Associates, LLC, St. Louis, MO, for City of Wellston.
Juan D. Keller, Mark B. Leadlove, Bryan Cave LLP, St. Louis, MO, Edward F. Downey, Bryan Cave, Jefferson City, MO, for AT&T Wireless, AT&T Wireless PCS, Inc, Voicestream Wirelss Corp., Voicestream Wireless Corp., II, Telecorp Communications, Inc.
Gerard T. Noce, Hilary R. Huffman, Noce and Buckley, St. Louis, MO, for Alltell Communications, Inc.
Jeffrey J. Kalinowski, Michelle W. Alvey, Blackwell Sanders Peper Martin, LLP, St. Louis, MO, Kimball R. Anderson, David E, Koropp, Giel Stein, Catherine L. Crisham, Winston and Strawn, Chicago, IL, for Cellco Partnership, Verizon Wireless Services, LLC, Verizon Wireless (VAW), LLC.
Todd W. Ruskamp, Kevin D. Mason, Shook and Hardy, Kansas City, MO, Jay Simpson, Eric Mikkelson, Shook and Hardy, Kansas City, MO, for Cingular Wireless, LLC, Southwestern Bell Mobile Systems, Inc.
Mark J. Bremer, Kohn and Shands, St. Louis, MO, Frederick H. Cohen, David J. Chizewer, Lincoln Schroth, Terry F. Moritz, *929 Goldberg and Kohn, Chicago, IL, for Nextel West Corp.
Stephen Robert Clark, Polsinelli and Shalton, St. Louis, MO, Timothy J. Sear, Polsinelli and Shalton, Overland Park, KS, for Sprint Intern. Communications Corp., Sprint Spectrum, L.P.
Rocco E. Testani, Russell S. Bonds, W. Scott Wright, Sutherland and Asbill, Atlanta, GA, Alexander X. Jackins, Washington, DC, John R. Munich, Sutherland and Asbill, Chesterfield, MO, for MCI Worldcom Communications, Inc.

MEMORANDUM AND ORDER
WEBBER, District Judge.
This matter is before the Court on Plaintiffs' Motion to Remand [doc. # 60]. Plaintiffs argue that remand is appropriate for the following reasons: (1) the notice of removal failed to allege sufficient grounds for removal; (2) Defendant Verizon Wireless Services, LLC ("Verizon") failed to comply with the procedure for removal; and (3) abstention is appropriate based on the issues in the case.

I. STANDARD OF REVIEW
Federal courts are courts of limited jurisdiction. Absent the existence of diversity of citizenship, a case is properly before this Court only if there exists a federal question. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A federal question arises only in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Removal of a state court action to federal court is only "appropriate if the suit could have been brought in federal district court, as `founded on a claim or right arising under the Constitution, treaties or laws of the United States.'" Nahas & Co., Inc. v. First National Bank of Hot Springs, 930 F.2d 608, 611 (8th Cir.1991) (quoting 28 U.S.C. § 1441(b)). "[T]he propriety of removal to federal court depends on whether [plaintiff's] claim comes within the scope of the federal court's subject matter jurisdiction." Baker Electric v. Otter Tail Power Co., 116 F.3d 1207, 1213 (8th Cir.1997) (quoting Peters v. Union Pacific R.R. Co., 80 F.3d 257, 260 (8th Cir.1996)).
Generally speaking, the party asserting federal jurisdiction bears the burden of establishing that federal jurisdiction exists. See In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir.1993). The Court is "required to resolve all doubts about federal jurisdiction in favor of remand." Id.

II. BACKGROUND
Plaintiffs are twenty-two Missouri cities who filed a class-action petition in state court on December 31, 2001, seeking declaratory and injunctive relief, an accounting, and back taxes from eighteen Defendants who are wireless telephone service providers. Plaintiffs allege that they and numerous other Missouri cities, many of which are small with limited resources, have ordinances imposing a business or occupation license tax on any person engaged in the business of supplying or furnishing telephone service or who is otherwise engaged in a telephone business. Plaintiffs have requested declaratory judgment relief concluding Defendants supply or furnish telephone service or are otherwise engaged in a telephone business within the meaning of the ordinances; an accounting of all money Defendants owe Plaintiffs under the ordinances; a judgment in favor of each Plaintiff and against each Defendant for the back taxes, interest, *930 and penalties due each Plaintiff from each Defendant; an injunction restraining the Defendants from violating the tax ordinances; and attorneys' fees.
As noted supra, Plaintiffs have alleged several grounds in support of their Motion to Remand. Plaintiffs have alleged defects exist within the notice of removal. Defendants claim that they cured the defects by filing an amended notice of removal.[1] Plaintiffs also argue that the Court should abstain from hearing this case even if jurisdiction is proper.

III. DISCUSSION
With respect to the defects claimed to exist in the notice of removal, Plaintiffs apparently concede in their Reply to Defendants' Response to Plaintiffs' Motion to Remand that the First Amended Notice of Removal, filed by Defendants, cured most of the defects. However, Plaintiffs allege that some defects remain. Plaintiffs claim that the notice of removal does not contain proof that all Defendants consented to the notice of removal. "Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded." Marano Enterprises of Kansas v. Z-Teca Restaurants, 254 F.3d 753, 754 n. 2 (8th Cir.2001) (citations omitted). The Eighth Circuit in Marano held that later-served defendants in a case have thirty days after receiving service "to file a notice of removal, regardless of when  or if  previously served defendants had filed such notices." Id. at 756. However, Marano "in no way affects the rule of unanimity. Later-served defendants seeking removal are required to have the consent of all defendants ...." Id. at 757 n. 6.
Plaintiffs argue that remand is appropriate where Defendants failed to provide proof of consent of all Defendants to the removal. The Court concludes that remand is not appropriate based on this defect. Because the Defendants' counsel averred that all Defendants consented to the removal, the failure to provide proof of such consent was a technical defect. If there was no averment by counsel that all parties consented to the removal, then remand would be appropriate. See Ross v. Thousand Adventures of Iowa, Inc., 163 F.Supp.2d 1044, 1049-50 (S.D.Iowa 2001) (stating that it is a "critical allegation" for the defendant to address status of other defendants in notice of removal).
Plaintiffs also argue that remand is appropriate because Defendants (1) failed to allege in the notice of removal that diversity of citizenship existed as of the date the action was commenced in state court; and (2) Defendants failed to allege that each putative class member has a claim that exceeds $75,000.00 against each Defendant. Defendants have, as noted supra, filed a Motion to Amend the First Amended Notice of Removal in order to address these defects. The failure by Defendants to allege diversity of citizenship in the notice of removal as of the date the action was commenced may be cured by an amended notice of removal. See, e.g., Bank IV Salina, N.A. v. Aetna Casualty and Surety Co., 783 F.Supp. 1315, 1316-17 (D.Kan.1992) (citing Hendrix v. New Amsterdam Casualty Co., 390 F.2d 299 (10 Cir.1968) (holding that refusing to allow cure of this kind of defect by amendment "would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts")). Furthermore, *931 the failure by Defendants to allege that each putative class member has a claim that exceeds $75,000.00 against each Defendant may also be cured by filing an amended notice of removal. This decision is made for substantially the same reasons mentioned above. Defendants did allege that diversity jurisdiction exists in this case; Defendants simply failed to allege specifically that each putative class member's claim against each Defendant exceeds $75,000.00.
The key issue before the Court is whether Defendants have met their burden of proof to show that each Plaintiff has a claim against each Defendant exceeding $75,000.00. Once again, this Court must address the appropriate burden of proof placed upon a defendant in the context of a motion to remand involving a state court petition with no amount in controversy alleged. Defendants must show that each Plaintiff's claim against each Defendant exceeds $75,000.00. See Trimble v. Asarco, Inc., 232 F.3d 946, 961-63 (8th Cir. 2000) (adopting the Tenth Circuit's holding regarding the relationship between § 1332 and Rule 23(b)(3) class actions). However, where, as here, no sum certain has been alleged in the state court petition, there is little agreement over the appropriate burden of proof.
This Court has consistently required a defendant, in opposing a motion to remand, to show to a legal certainty that the amount in controversy requirement is met. Under this standard, a defendant must demonstrate more than a likelihood that the plaintiff will recover more than the jurisdictional minimum. The defendant must demonstrate that any amount less than the jurisdictional threshold is outside the range of possible awards. Wright, Miller & Cooper, Federal Practice & Procedure § 3702 (2d ed.1987) (citing cases defining and applying legal certainty standard); see also St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (defining and applying the legal certainty standard). However, where no amount in controversy is pled in the state court complaint, there is no danger that a plaintiff is attempting to defeat federal jurisdiction by pleading an amount lower than $75,000.00, particularly where the plaintiff is prevented from putting any amount in the state court complaint. See, e.g., Mo.R.Civ.P. 55.05 (stating that "in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority"). For this reason, and for other relevant policy considerations, many courts have found that where no amount of damages is pled in the state court complaint, the appropriate burden of proof regarding the amount in controversy for a defendant opposing a motion to remand is preponderance of the evidence. See, e.g., Dupraz v. Aventis CropScience USA Holding, Inc., 153 F.Supp.2d 1102 (D.S.D.2001); McClure, 174 F.Supp.2d at 983; Dyrda v. Wal-Mart Stores, Inc., 41 F.Supp.2d 943, 946 (D.Minn.1999) (stating that "[t]he `legal certainty' test is not applicable where a plaintiff does not allege a specific jurisdictional amount in the complaint"); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir.1995); Gafford v. General Elec. Co., 997 F.2d 150, 160 (6th Cir.1993); Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir.1993).[2]
*932 The Eighth Circuit has not yet addressed the appropriate burden of proof to be placed on a defendant in this circumstance. See Commercial Coverage, Inc. v. Paradigm Ins. Co., 998 F.Supp. 1088, 1091 (E.D.Mo.1998) (agreeing with the use of the preponderance of the evidence standard without affirmatively adopting it, and stating that the Eighth Circuit has not yet addressed this question).[3] The preponderance of the evidence standard requires a defendant to demonstrate "by sufficient proof that a plaintiff's verdict reasonably may exceed" the jurisdictional amount. Gilmer v. Walt Disney Co., 915 F.Supp. 1001, 1007 (W.D.Ark.1996) (holding that the preponderance of the evidence standard should be used where the state court complaint does not specify the amount of damages sought) (quoting Bolling v. Union Nat. Life Ins. Co., 900 F.Supp. 400, 405 (M.D.Ala.1995)). The court in Gilmer held that where no sum certain is alleged in the state petition, the preponderance of the evidence standard is the most appropriate burden of proof to place on a defendant. The court elaborated on some of its reasons for this holding, stating that where no sum certain is alleged, the "`attorney's integrity and duty of candor with the court arising from signing the complaint are not implicated ....'" Id. at 1006 (quoting Bolling, 900 F.Supp. at 404). The court also stated that the preponderance of the evidence burden of proof "properly balance[s] the plaintiff's right to pursue her action in the forum of her choosing and the defendant's right to a federal forum in those cases where federal jurisdiction exists." Id. Quoting Gafford, the Gilmer court noted:
[B]y statute, Congress has offered defendants a relatively neutral forum and has policed the diversity jurisdiction of the federal court system, balancing the interest at play in the legislation it passes. We believe that the "preponderance of the evidence" best comports with the balance struck. It does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages. *933 On the other end of the spectrum, requiring the defendant to prove that the amount in controversy "may" meet the federal requirement would effectively force the plaintiff seeking remand to prove in rebuttal that only a relatively small amount of damages is legally possible. Considering the ends of the spectrum, [f]or all practical purposes ...,
whether a federal court can exercise diversity of citizenship jurisdiction over a case would depend upon which party has the burden of proof to prove or [to disprove] jurisdictional amount to a legal certainty, since the parties might well prefer to forego their chosen forum rather than being forced to prove the other side's damages case.

Garza [v. Bettcher Industries, Inc.,] [752 F.Supp. 753] at 756-57 [(E.D.Mich. 1990)]. We believe that the mean between the extremes unsettles to the least extent the balance struck between the defendant's right to remove and the federal interest in limiting diversity jurisdiction.
Id. (quoting Gafford, 997 F.2d at 159-60).
Notwithstanding the decisions of other courts to utilize the preponderance of the evidence standard in cases like this, the Court finds that the legal certainty test, as applied in St. Paul Mercury Indemnity Co. is the more appropriate burden of proof to place on a defendant who files a motion to remand. This burden best protects a plaintiff's interests in choosing the forum. See Terra International, Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 695 (8th Cir.1997) (stating that "[i]n general, federal courts give considerable deference to a plaintiff's choice of forum ..."). It also appropriately guards the limited jurisdiction of federal courts. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir.1994). "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing." Id. Removal statutes are to be construed narrowly, and there is a presumption in favor of remand. Id. In the final analysis, this Court is not persuaded that a different standard should be applied in those cases where a sum certain is not alleged in the state court petition. Absence of a stated amount in a petition should not, by itself, alter the burden of proof for the party attempting to assert federal jurisdiction. The amount stated in the petition is not determinative. It is the substance of the claim, not the conclusory recitation of its worth, that will determine if federal jurisdiction is extant. "The value of the right which is sought to be enforced by the suit determines the amount in controversy." Bishop Clarkson Memorial Hospital v. Reserve Life Ins. Co., 350 F.2d 1006, 1008 (8th Cir.1965); see also Burns v. Massachusetts Mut. Life Ins. Co., 820 F.2d 246, 248 (8th Cir.1987) ("The amount in controversy in a suit for injunctive relief is measured by the value to the plaintiff of the right sought to be enforced."); Cowell v. City Water Supply Co., 121 F. 53, 57 (8th Cir.1903) ("It is the amount or value of that which the complainant claims to recover, or the sum or value of that which the defendant will lose if the complainant succeeds in his suit, that constitutes the jurisdictional sum or value of the matter in dispute, which tests the jurisdiction ...."). The legal certainty standard properly sets the parameters for the court to determine if a plaintiff should be denied the choice of forum because jurisdiction is proper in federal court.
Defendants must therefore demonstrate to a legal certainty that this Court has jurisdiction. Defendants attempt to prove that jurisdiction is proper in this Court by using Plaintiff City of Winchester, the *934 smallest city of the Plaintiff cities, as an exemplar.
According to the 2000 United States Census, the named-Plaintiff municipality with the smallest population is Winchester, Missouri, which has a population of 1,651 inhabitants. Based upon Plaintiffs' own allegations, at least 521 Winchester inhabitants (that is, 31.6% of the total population) presumably are wireless communications subscribers, and for the local portion of their bill alone they pay approximately $543 a year (that is, 12 times $45.27), or an aggregate for the City of Winchester of $282,903 per year. By these figures, over the next five years the inhabitants of Winchester will pay approximately $1,414,515 for local CMRS service which is approximately $78,584 per the 18 properly-considered Defendants.
Defendants' Response to Plaintiffs' Motion to Remand, at 8. Defendants argue that if the City of Winchester were to receive a judgment ordering Defendants to pay license fees owed for the preceding five years, each Defendant would be liable to the City of Winchester for an amount exceeding $75,0000. Id.
The amount in controversy is determined by an examination of the relief requested in the complaint. Bishop Clarkson Memorial Hospital, 350 F.2d at 1008. Plaintiffs have requested declaratory judgment relief concluding that Defendants supply or furnish telephone service or are otherwise engaged in a telephone business within the meaning of the ordinances, that Defendants make an accounting of all money Defendants owe Plaintiffs under the ordinances, that a judgment be granted in favor of each Plaintiff and against each Defendant for the back taxes, interest and penalties due each Plaintiff from each Defendant, that an injunction be issued restraining the Defendants from violating the tax ordinances, and that attorneys' fees be allowed. In order to demonstrate that the amount in controversy requirement is met, Defendants must show to a legal certainty that each Plaintiff may recover an amount in excess of $75,000 from each Defendant. See Trimble, 232 F.3d at 961-63. To the extent that the Defendants fail to demonstrate that the Plaintiffs (some or all) have a claim for an amount in excess of $75,000, those Plaintiffs must be dismissed and those claims remanded. Id.[4] If the Defendants fail to meet its burden of proof as to all Plaintiffs, then the entire case must be remanded.
In order for the Defendants to demonstrate that jurisdiction is proper over the putative class members' claims, they must show that each putative class member has a claim against each Defendant exceeding *935 $75,000. Under Zahn and Trimble, to the extent that some putative class members' claims do not satisfy the amount in controversy requirement, those class members' claims must be dismissed (or remanded). See Trimble, 232 F.3d at 962 (citation omitted). In meeting their burden of proof, Defendants may not aggregate the "individual class members' separate and distinct claims ... to satisfy the $75,000 amount-in-controversy requirement under 28 U.S.C. § 1332." Id. at 960. This is not a common fund case; "the individual members of the plaintiff class are asserting separate and distinct claims" against each Defendant. Id.
In this case, Defendants have failed to show that jurisdiction over putative class members is proper. Even though Defendants have attempted to demonstrate that the average amount owed by each Defendant to the smallest Plaintiff city exceeds $75,000, this is an average amount. Defendants have not shown that each Defendant provides sufficient services in the City of Winchester and the value of the relief requested (including license fees and injunctive relief) exceeds $75,000. Given the presumption in favor of remand, and the burden of proof that Defendants must satisfy, demonstrating that the average amount conceivably owed by each Defendant to the City of Winchester is not sufficient to support jurisdiction over those claims. Because Defendants offered no evidence as to any of the other Plaintiffs' claims against the Defendants, the Court finds that this cause shall be remanded to state court.
Accordingly,
IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand [doc. # 60] is GRANTED.
IT IS FURTHER ORDERED that all other pending motions are denied for lack of jurisdiction.
NOTES
[1] Defendants contend that they corrected all but one of these procedural defects when they filed their First Amended Notice of Removal. The Court granted Defendants leave to amend their Notice of Removal on April 8, 2002.
[2] Although simplified for purposes of analyzing the differences between preponderance of the evidence and legal certainty burdens of proof, there are variations on what courts require defendants to prove beyond simply these two standards. Some courts require the defendant to provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000.00. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402 (9th Cir.1996) (stating that this is a preponderance of the evidence burden of proof). Other courts require a defendant to show a "reasonable probability that the jurisdictional amount exists." See Gould v. Artisoft, Inc., 1 F.3d 544, 547 (7th Cir.1993).
[3] Some have suggested that the Eighth Circuit has spoken on this issue in its opinion in Kopp v. Kopp, 280 F.3d 883 (8th Cir.2002). In that opinion, the Court of Appeals stated that "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Kopp, 280 F.3d at 885. Although not specific in this pronouncement as to whether the Eighth Circuit intended to adopt the preponderance of the evidence standard or legal certainty standard, the Court did say that "it appears that the relevant legal rule is that the proponent of diversity jurisdiction must prove a negative by a preponderance of the evidence in order to avoid dismissal of his or her case." Id. While the language in the opinion is broad, the case was originally filed in federal court. A motion to dismiss was filed by defendant, and the plaintiff had to show by a preponderance of the evidence that the amount in controversy requirement was met. Id. at 884-85. This situation does not bring to bear many of the policy considerations at issue when the Court is considering a motion to remand. In Kopp, plaintiff was attempting to keep the case in the forum in which she filed it. Here, the plaintiffs are trying to return the case to the forum in which they filed it. Furthermore, whereas in Kopp plaintiff was attempting to demonstrate jurisdiction existed, in this case, the Defendants are charged with that task. Id. at 886. Therefore, the Court does not find that Kopp has settled this issue with any certainty when faced with a motion to remand with no amount in controversy alleged in the state court complaint.
[4] In Trimble, the Eighth Circuit considered whether Congress' enactment of 28 U.S.C. § 1367 overruled Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). In Zahn, the Supreme Court held that "in a diversity-based class action suit brought pursuant to Fed.R.Civ.P. 23(b)(3), each member of the class must satisfy the amount-in-controversy requirement or must be dismissed from the case." Trimble, 232 F.3d at 960. Trimble held that § 1367 did not obviate this holding, but rather should be read to require "`each plaintiff in a class action diversity case to satisfy the Zahn definition of "matter in controversy" and to individually meet the $75,000.00 requirement.'" Id. at 962 (quoting Leonhardt v. Western Sugar Co., 160 F.3d 631, 640 (10th Cir.1998)). Therefore, for a putative class member to remain in a suit in federal court, that member must have a claim exceeding $75,000 against each Defendant. This assumes that the claims of the putative class members are separate and distinct. Id. at 960. In this case, the claims of the putative class members are separate and distinct claims. In other words, this is not a common fund case. "Where no member of the plaintiff class satisfies the jurisdictional threshold, the state law claims [are] properly dismissed by the district court." Id. at 962.