241 F.Supp.2d 1028 (2003)
AMTECO, INC., Plaintiff,
v.
BWAY CORPORATION, et al., Defendants.
No. 4.02CV1613 CDP.
United States District Court, E.D. Missouri, Eastern Division.
January 28, 2003.
Dean L. Franklin, Gregory E. Upchurch, Thompson Coburn, St. Louis, MO, for plaintiff. *1029 James P. Lemonds, Erich V. Vieth, James C. Morris, Holtkamp and Liese, St. Louis, MO, for BWAY Corp., BWAY Mfg., Inc., defendants.
William M. Corrigan, Jr., Armstrong Teasdale, LLP, St. Louis, MO, for C.L. Smith Co., defendant.

MEMORANDUM AND ORDER
PERRY, District Judge.
Removal jurisdiction requires all defendants to join in the removal petition or consent to removal within thirty days of service. Corporations must be represented by counsel in federal court, and cannot appear through non-lawyer agents. Is removal proper where a corporate defendant's president provides oral consent to the removing co-defendant's lawyer, but the corporation does not provide any form of consent directly to the court within thirty days? I conclude that removal was not proper because the consent was not communicated directly to the court, and I will grant plaintiffs motion to remand this case to state court.

Jurisdictional Facts
Plaintiff Amteco, Inc., sued four corporations, raising state-law and Lanham Act claims. The case presents a federal question under 28 U.S.C. § 1331 and would be removable under 28 U.S.C. § 1441 if proper removal procedures have been followed.
Two of the defendants, BWAY Corporation and BWAY Manufacturing, Inc., filed a notice of removal, stating that they did so with consent of the remaining two defendants, C.L. Smith Company and St. Louis Paint Manufacturing Company. Plaintiff moved to remand, asserting that St. Louis Paint had not timely joined in the removal petition. BWAY responded that its counsel had obtained oral consent from the President and registered agent of St. Louis Paint, John Steiner. BWAY provided Mr. Steiner's affidavit verifying that he is the President of St. Louis Paint, that he was authorized to consent to removal, and that he did so in an oral conversation with BWAY's counsel within the relevant thirty-day period. Although its time for doing so has expired, St. Louis Paint has not filed an answer, nor has it had an attorney enter an appearance in this matter, nor has it filed any written consent to the removal.[1]

Discussion
Plaintiff and BWAY have extensively briefed this procedurally complicated issue. Plaintiff maintains that Steiner's oral consent to removal is not sufficient, because a corporation cannot represent itself, and Steiner is not a lawyer. BWAY argues that Steiner had authority to consent and did so, and that removal is therefore proper. For the reasons that follow, I conclude that each defendant must itself provide unambiguous consent directly to the court within thirty days of service. St. Louis Paint has not done so (and could only do so through counsel), and so I will grant the motion to remand.
Removal statutes must be strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir.1993). 28 U.S.C. § 1446 sets out the procedural requirements for removal. *1030 Section 1446(a) states: "A defendant or defendants desiring to remove any civil action ... from a State court shall file ... a notice of removal." Although it is not explicit in the statute, it has long been held that under the "rule of unanimity" all served defendants must join in any removal. See, e.g., Thorn v. Amalgamated Transit Union, 305 F.3d 826, 832 (8th Cir.2002); Ross v. Thousand Adventures of Iowa, Inc., 178 F.Supp.2d 996 (S.D.Iowa 2001). Each defendant must join or consent within thirty days of service on that defendant. Marano Enterprises v. Z-Teca Restaurants, L.P., 254 F.3d 753, 755-57 (8th Cir.2001). The requirement that all defendants join is procedural, and may be waived if a party does not timely seek remand. Nolan v. Prime Tanning Co. Inc., 871 F.2d 76, 78 (8th Cir.1989).[2]
The rule of unanimity does not require all defendants to sign the removal petition itself, but many courts have required some form of "unambiguous" consent. See Codapro Corp. v. Wilson, 997 F.Supp. 322, 325-26 (E.D.N.Y.1998) (citing cases); Anne Arundel County v. United Pacific Ins. Co., 905 F.Supp. 277, 278-79 (D.Md. 1995). Cases have allowed oral consent given directly to the court, such as at a conference or hearing. See Colin v. Schmidt, 528 F.Supp. 355 (D.R.I.1981); see also Clyde v. National Data Corp., 609 F.Supp. 216 (N.D.Ga.1985) (while oral consent to the court would be sufficient, oral consent given only to the removing co-defendant was not).
Many cases have required the consent to be in writing and filed with the court. See, e.g., Howell v. Lab One, Lie, 225 F.Supp.2d 1168, 1175 (D.Neb.2002) ("To join a motion is to support it in writing," quoting McShares, Inc. v. Barry, 979 F.Supp. 1338, 1342 (D.Kan.1997)); Morganti v. Armstrong Blum Manufacturing Co., 2001 WL 283135 at * 2 (E.D.Pa.2001) ("[o]ne defendant may not speak for the other when filing a notice of removal"); Miller v. First Security Investments, Inc., 30 F.Supp.2d 347, 350 (E.D.N.Y.1998) (requiring written consent is "consistent with the notion that filing requirements are strictly construed and enforced in favor of remand"); Boyle v. City of Liberty, 1993 WL 20177 (WD.Mo.1993) (improper for one attorney to sign others' names to removal petition). However, a judge of this district has held that the removing defendant's averment that all defendants consented, without any further proof, was sufficient, although that judge then granted the motion to remand on other grounds. City of University City v. AT & T Wireless Services, Inc., 229 F.Supp.2d 927 (E.D.Mo.2002).
Whether consent to removal must be provided to the Courtand not simply to opposing counselis a crucial question in this case. Although the parties argue about whether Steiner was engaged in the unauthorized practice of law by providing oral consent to counsel for BWAY, I do not think that is the issue at all. Corporate officers consent on behalf of the corporation to all sorts of things all the time, both orally and in writing, and they are not thereby engaging in the unauthorized practice of law. The law does require, however, that only a lawyer may speak for a corporation in court. See, e.g., Can' Enterprises, Inc. v. United States, 698 F.2d 952, 953 (8th Cir.1983) ("It is settled law that a corporation may be represented only by licensed counsel"). So whether St. Louis Paint was required to *1031 speak directly to the court for the removal to be effective is the essential question.
Plaintiff relies on two cases that have held that a non-lawyer cannot remove or consent to removal on behalf of a corporation. See Topside, Inc. v. Topside Roofing and Siding Constr. Inc., 2001 WL 420159 (D.Minn. April 23, 2001); Codapro Corp. v. Wilson, 997 F.Supp. 322 (E.D.N.Y.1998). As defendants correctly point out, the facts in each of these cases were much more compelling than they are here.
In Topside a non-lawyer owner of a corporation filed a removal petition, purportedly on behalf of the corporation. The court found the petition was "inoperative" as to that corporation and held that the corporation could not consent to removal through a non-lawyer. 2001 WL 420159 at * 2-3. That case had been removed improvidently and remanded once before, and the pro se individual had repeatedly been told, by both federal and state courts, that he could not represent the corporation because he was not a lawyer. Indeed, the state judge had stricken the corporation's pleadings and entered a default judgment, not knowing that the pro se individual hadthe day before the judgment was enteredfiled another "rambling and confusing" notice of removal.
In Codapro, a pro se defendant, Boyd (who happened to be a lawyer, though he only represented himself in the ease), filed a notice of removal that stated it was filed "on behalf of all defendants served in the action. In response to the motion to remand, Boyd attached several letters "ostensibly" written to Boyd by the individual co-defendants, indicating their consent to removal. One of those letters purported to consent to removal on behalf of six corporate defendants. The court's skepticism was evident:
Judging by the similarity of these letters, which contain identical contents, typeface and overall appearance, all were prepared by the same individual perhaps by Boyd. Also, Boyd supplies a letter that he wrote to "Ken Nunley, Esq.," which states, "Thank you for your kind assistance in connection with our removal ... I have confirmed with you that Ed Canino [another individual co-defendant] approves the removal".
997 F.Supp. at 324. The court found the removal improper and remanded, holding that the rule of unanimity required written consent communicated directly to the court. It also concluded that even if the letters purporting to be sent to Boyd from the individual co-defendants could be accepted as indicating their consent, the "Nunley" letter from Boyd would not suffice. The court additionally held that while the co-defendant signing one of the letters might be able to represent himself pro se, he could not act on behalf of the six corporations, as he attempted to do in his letter.
Both Topside and Codapro involved abusive litigation tactics by pro se defendants. This case, on the other hand, has no signs of abuse or overreaching by either side. It is common in this district for attorneys to file notices of removal which state that the other defendants consent,[3] and in most cases that averment is not challenged. Indeed, in this case defendant C.L. Smith, who has joined in BWAY's opposition to the motion to remand, never filed a consent to removal or anything else within the thirty-day time limit applicable to it, and plaintiff has not raised that as a defect. And, as stated above, it is uncontested that *1032 Steiner, the president of St. Louis Paint, told BWAY's counsel that he was authorized by the corporation to consent to removal and that he consented. Steiner did not improperly attempt to represent the corporation in court. St. Louis Paint has not filed anything in the court file, so it has neither revoked nor reaffirmed Steiner's consent. This is not a case, like Topside and Codapro, where an abusive pro se litigant repeatedly tried to represent a corporation in court.
Nevertheless, I conclude that the law is that stated by numerous courts in other contexts: consent to removal must be unambiguous, and it must be communicated directly to the courtwhether in writing or orallyand not simply to one's co-defendant. The common practice in this district is not sufficient under the removal statute. For a corporate defendant, this means that an attorney must enter an appearance and provide unambiguous consent. While I would not go so far as to hold that the consent could only be in writing, because I believe counsel's oral consent given to the Court at a conferenceas was found acceptable in Colin v. Schmidtwould be appropriate, the consent must be explicit and must be made of record to the court within the thirty-day time limit. This rule protects the interests of all parties and places the burden of justifying removal where the statute intended it to be placed: on the defendants seeking to invoke federal jurisdiction. Federal jurisdiction is limited, and the law requires the removal statute to be strictly construed. The rule also has the practical advantage of discouraging disputes over what parties may have said to one another outside of court.
St. Louis Paint did not provide the court with its consent to the removal within the thirty-day time limit, and still has not done so. The rule of unanimity has not been met, and so I will grant the motion to remand.
Accordingly,
IT IS HEREBY ORDERED that plaintiffs motion to remand [# 12] is granted, and the Clerk of Court is directed to remand this case to the Missouri Circuit Court, Twenty-Second Judicial Circuit, St. Louis City, from which it was removed.
NOTES
[1] A lawyer purporting to represent St. Louis Paint initially told plaintiff's lawyer that no one from BWAY had sought the lawyer's consent. Neither that lawyer, nor any other, has entered the case for St. Louis Paint, and no one has contradicted Steiner's affidavit that he provided oral consent, so this conversation has no effect on the analysis here, although it may explain how the dispute over removal initially arose.
[2] The other defendant here, C.L. Smith Company, did not file any consent to removal within thirty days of service, although it later joined in BWAY's opposition to remand. Because plaintiff has not raised it as a basis for remand, this defect has been waived.
[3] See, e.g., City of University City, supra, where a judge of this court held that such practice was proper.