Tony **HAYNES** Plaintiff

v.

**LOUISVILLE LADDER GROUP, LLC, Emerson Electric Co., W.W. Grainger, Inc., John Doe 1, John Doe 2, John Doe 3 Defendants**

**No. 3:04–CV–057 GTE.**

United States District Court, E.D. Arkansas, Jonesboro Division.

June 30, 2004.

Robert L. Coleman, Esq., Reid, Burge, Prevallet & Coleman, Blytheville, AR, for Plaintiff.

Joseph C. Orlet, Esq., Giuseppe Stefano Giardina, Esq., Husch & Eppenberger, LLC, St. Louis, MO, John W. Campbell, Esq., Husch & Eppenberger, LLC, Memphis, TN, for Defendants.

### ORDER

EISELE, District Judge.

Presently before the Court is the Plaintiff's Motion to Remand. For the reasons stated below, the Plaintiff's Motion will be denied.

## I. Background

The Plaintiff filed suit against the Defendants in the Circuit Court of Mississippi County, Arkansas on July 23, 2003. The Plaintiff alleges that the Defendants are liable for injuries sustained when Plaintiff fell from an 8 foot Louisville Ladder stepladder on July 24, 2000. This accident occurred while the Plaintiff was working as a residential supervisor at the Arkansas Department of Community Pun-

**1066**

ishment, Northeast Arkansas Community Punishment Center in Osceola, Arkansas. The Plaintiff alleges negligence, breach of warranty and strict liability against Defendants. Paragraph 17 of the Plaintiffs' complaint describes the damages that Plaintiff seeks to recover and states:

As a proximate result of falling form the ladder, Plaintiff, Tony Haynes, sustained injuries as set forth above, which entitle him to recover damages in an amount to be determined by a jury to compensate him for the following elements of damage sustained:

(a) The nature, extent, duration, and permanency of his injuries;

(b) Past and future medical expenses;

(c) Past and future pain, suffering, and mental anguish;

(d) The value of any earnings, salary, working time lost, and the present value of any earnings, salary, working time reasonably certain to be lost in the future; and,

(e) The present value of any loss of ability to earn in the future; and,

(f) Scarring, disfigurement, including, but not limited to the large scar on his head.

On February 23, 2004, the Defendants removed the case to this court, invoking the Court's diversity jurisdiction. On March 3, 2004, the Plaintiffs filed a Motion to Remand. The Defendants responded on March 11, 2004 and the Plaintiffs filed a response on March 19, 2004.

## II. Motion to Remand Standard

■ Any civil action brought in state court which alleges claims within the original jurisdiction of the United States District Courts may be removed by the defendant to the appropriate federal court. 28 U.S.C. §§ 1441(a). The Court's original jurisdiction, of course, includes its diversity jurisdiction. 28 U.S.C. § 1332. Once a case has been removed to federal court, a motion to remand to state court may be brought on the basis of any defect in the removal procedure. 28 U.S.C. §§ 1447(c). If it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. §§ 1447(c). In making this determination, the court must resolve all doubts in favor of a remand to state court. *See In re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir.1993).

■ The parties agree that complete diversity exists.[1] Therefore, the only issue before the Court is whether the amount in controversy exceeds $75,000. The parties have disagreed as to the standard applicable to this determination. The Plaintiff urges the Court to require the Defendants to show to a legal certainty that the amount in controversy is met. The Defendant argues that a preponderance of the evidence standard should be used.

The Plaintiff relies on *City of University City v. AT & T Wireless Services, Inc.,* 229 F.Supp.2d 927, 929 (E.D.Mo.2002). In that case, the Court exhaustively analyzed the benefits and drawbacks of the preponderance and legal certainty standards for evaluating a Motion to Remand. *Id.* at 931–933. However, the Court began its discussion by observing that "the Eighth Circuit has not yet addressed the appropriate burden of proof to be placed on a defendant [in contesting a Motion to Remand]." *Id.* at 932. Since *University City,* the Eighth Circuit has expressly adopted the preponderance of the evidence standard. *In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation,* 346 F.3d

---

**1.** Separate Defendants Louisville Ladder Group, LLC, Emerson Electric Co., and W.W. Grainger, Inc. all have their principal place of business and are all incorporated in states other than Arkansas. The Plaintiff is a resident and citizen of Arkansas.

830 (8th Cir.2003); *see also Moriconi v. AT & T Wireless PCS, LLC,* 280 F.Supp.2d 867, 870 (E.D.Ark.2003). The Eighth Circuit stated, "where, as here, the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minnesota Mutual,* 346 F.3d at 834. The Eighth Circuit stated that "the complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount." *Id.*

The situation the Eighth Circuit addressed in *In re Minnesota Mutual* is identical to the situation before the Court in this case. By the terms of *In re Minnesota Mutual,* the Defendants may defeat the Plaintiffs' Motion to Remand by establishing that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

## III. Discussion

### A. Arkansas Rule of Civil Procedure 8(a)

■ The Plaintiff contends that the amount in controversy is not satisfied in this case because the Plaintiff's recovery is limited to less than $75,000 under Arkansas Rule of Civil Procedure 8(a). Rule 8(a) states, in pertinent part:

> In claims for unliquidated damage, a demand containing no specified amount of money shall limit recovery to an amount less than required for federal court jurisdiction in diversity of citizenship case, unless language of the demand indicates that the recovery sought is in excess of such amount.

Both parties discuss the Arkansas Supreme Court case of *Interstate Oil and Supply Co. v. Troutman Oil Co.,* 334 Ark. 1, 972 S.W.2d 941 (1998) and Judge Franklin Waters' opinion in *Gilmer v. Walt Disney Company,* 915 F.Supp. 1001 (W.D.Ark.1996). After reviewing these cases, the Court concludes that the Arkansas Supreme Court's Interpretation of Rule 8 and, more importantly, general principles of federal jurisdiction do not allow Rule 8(a) to be dispositive of the amount in controversy for purposes of determining federal jurisdiction.

The Reporter's Notes to Rule 8(a) state that "[t]he obvious purpose of this section is to prevent a plaintiff from using unliquidated demands to avoid removal of diversity of citizenship cases to federal court." In *Interstate Oil and Supply Co.,* the Arkansas Supreme Court noted that Rule 8(a) "determines jurisdiction only." *Interstate Oil and Supply Co.,* 334 Ark. at 5, 972 S.W.2d at 943. The court went on to conclude that the plaintiff in that case was not prevented from recovering more than the minimum required for federal jurisdiction. *Id.* At that time, the jurisdictional minimum was $50,000.00 and the Interstate Oil plaintiff was awarded $184,950.00 in damages at trial. *Id.* The court concluded that the Plaintiff, who did not demand a specified amount in his complaint, could recover the full amount awarded at trial, even though the plain language of Rule 8(a) limited the plaintiff's recovery to less than $50,000.[2] *Id.*

The *Interstate Oil* court also pointed out that the Defendants initially discovered that the Plaintiffs claim involved in excess of $50,000 during the early stages of discovery and that the Defendants could have removed the case to federal

---

2. The Court reached this conclusion by reading Rule 8(a) in conjunction with Rule 15(b), which provides that issues not raised by the pleadings are tried by the express or implied consent of the parties and treated as if they had been raised in the pleadings.

court at that point. The Plaintiffs rely on this aspect of the Interstate Oil case to argue that, although federal jurisdiction does not presently exist, the instant case could become removable in the future if, after remand and discovery in state court, it became apparent that the Plaintiff's claim involved damages in excess of $75,000.00. The procedure the Plaintiff suggests—remanding the case and subsequently allowing removal if and when the Plaintiff produces evidence demonstrating that their claim involves more than $75,-000—is not consistent with the Court's obligation to assess jurisdiction at this stage of the litigation. The Court must decide at this time whether the Plaintiff's claim involves in excess of the jurisdictional minimum.

Furthermore, Rule 8(a), given the Arkansas Supreme Court's construction, does not bar federal jurisdiction. The court made clear in *Interstate Oil* that Rule 8(a) does not prevent a Plaintiff who seeks an unspecified amount in liquidated damages from recovering in excess of the jurisdictional minimum at trial. Thus, Rule 8(a) does not, despite its terms, "limit recovery to an amount less than required for federal court jurisdiction."

■ More importantly, allowing Rule 8(a) to dictate federal jurisdiction when it is apparent that Rule 8(a) imposes no limit whatsoever on a Plaintiff's recovery in state court is improper. State rules of civil procedure may not determine federal jurisdiction. *See Gilmer*, 915 F.Supp. at 1006, n. 3 (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir.1994)) (Rejecting the argument that federal jurisdiction automatically does not exist under Rule 8(a) where a plaintiff has demanded less than the jurisdictional amount for federal court in the complaint); *see also Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 873 (6th Cir.2000) (Holding that even though a plaintiff alleges an amount in controversy below the jurisdictional amount, diversity jurisdiction may still exist where a state rule allows the Plaintiff to recover in excess of the prayed for amount); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1414 (5th Cir.1995) (Ruling that plaintiff in a case for unliquidated damages, cannot, absent a further showing, avoid removal by pleading for damages under the jurisdictional amount where a state rules allow recovery in excess of the pleaded amount and where defendants are able to show that the amount in controversy exceeds the jurisdictional amount). Therefore, the Court concludes that Rule 8(a) does not, by necessity, prevent the Plaintiff's claims from exceeding the sum of $75,000.00. Further, rule 8(a) does not preclude a federal district court from exercising diversity jurisdiction where such jurisdiction exists.

## B. The Amount in Controversy in Plaintiffs' Claims

■ Since Rule 8(a) does not limit the Plaintiff's recovery to less than $75,000, the Court must determine, irrespective of Rule 8(a), whether the Defendants have proven that the amount in controversy of the Plaintiff's claim is greater than $75,000. The Defendants contend that the "seriousness and permanent nature of the injuries alleged in the Complaint places more than $75,000 in controversy." As stated in the complaint, the Plaintiff seeks to recover for the nature, extent, duration, and permanency of his injuries; past and future medical expenses; past and future pain, suffering, and mental anguish; the value of any earnings, salary, working time lost; the present value of any earnings, salary, working time reasonably certain to be lost in the future; the present value of any loss of ability to earn in the future; and scarring, disfigurement, including, but not limited to the large scar on his head. The Court agrees that the damages sought

by the Plaintiff appear to make a recovery in excess of $75,000 more likely than not. *See Chase v. Shop N' Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997) (Holding the amount in controversy requirement is met where plaintiff alleges serious, disabling physical and mental injuries that would result in the loss of future earning capacity).

This is especially true when the Plaintiffs' claims are viewed through the lens of other ladder-fall cases. The Defendants cite several other ladder-fall cases in which damages well in excess of $75,000 were awarded. *See Tate v. Werner Co.*, 2002 WL 1398533, *3 (S.D.Ind.2002) (Holding amount in controversy satisfied in ladder-fall cases where plaintiff sought to recover for medical expenses, pain and suffering, mental anguish and lost income and prior compensatory damage awards in similar cases were in excess of $75,000) (citing *ROY v. WERNER LADDER CO.*, 2002 WL 431432, 16 NJ. J.V. Review & Anal. 8:C4 (2002), (New Jersey plaintiff hairdresser who fractured wrist after fall from defective ladder awarded damages of $250,000, primarily compensatory.); *MILLER v.* 1989 WL 1100187, 5 Nat. J.V. Review & Anal. 5:23 (1989), (Illinois plaintiff housekeeper who fractured leg after fall from ladder on defendant's premises awarded $750,000 gross verdict.); *YOO v. TOO*, 2002 WL 430126, 12 Nat. J.V.R.A. 11:36 (2002) (California plaintiff tailor who fractured heel after fall from defective ladder awarded gross verdict of $513,487, only $80,000 of which were medicals.)); *see also Richardson v. R. D. Werner, Inc.*, 1996 WL 1065524 (Va. Cir. Ct. April 17, 1996) ($925,000 verdict in ladder products liability case where the plaintiff suffered a 50% permanent disability in the right arm and a 20% permanent disability in the left wrist"); *Arnold v. Louisville Ladder Group*, LLC, Case No. 03–1266 (C.D.Ill. Jan. 16, 2004) (Relying on other ladder-fall cases to conclude that the plaintiff's claim for future medical costs related to a permanent injury and disability placed more than $75,000 in controversy).

The Plaintiff attempts to distinguish this case from other ladder-fall cases. In doing so, the Plaintiff appears to contend that the Defendants may not prove that the Plaintiff's claim involves in excess of $75,000 without putting on specific proof of the precise dollar value of the Plaintiffs' claims. However, the Defendants need not prove the Plaintiffs' case to satisfy their burden of proving the amount in controversy by a preponderance. The only evidence the Plaintiff offers in support of his assertion that the amount in controversy is not satisfied is that he has only received worker's compensation benefits totaling $7,993.92. The Court does not find this evidence sufficient to rebut the Defendant's arguments. The amount of worker's compensation received by the Plaintiff is not necessarily indicative of the amount the Plaintiff's claims place in controversy. The previous ladder-fall cases cited by the Defendants, which the Court finds to be similar to the instant case, demonstrate that recoveries greater than $75,000 are common in product liability ladder cases. Although the Plaintiff may have received much less than $75,000 in worker's compensation benefits to date, the Plaintiff's claims still "more likely than not" place more than $75,000 in controversy.

For these reasons, the Court concludes that the Defendants have met their burden to prove, by a preponderance, that the amount in controversy in this case is greater than $75,000.