Ronald J. SOMMERS, Liquidating Trustee for the First Mortgage Investment Association Liquidating Trust, and The Advisory Committee to The First Mortgage Investment Association Liquidating Trust, Plaintiffs,

v.

Noah ABSHIRE, et al., Defendants.

No. 1:95–CV–182.

United States District Court,
E.D. Texas,
Beaumont Division.

June 14, 1995.

John O. Brentin, Sullins Johnston Rohrbach & Magers, Houston, TX, George Michael Jamail, Bernsen, Jamail & Goodson, Beaumont, TX, Lee P. Wood, Mark H. Stone, Steven J. Watkins, Kathy L. Hix, Nathan Wood & Sommers, Houston, TX for Ronald J. Sommers.

John O. Brentin, Sullins Johnston Rohrbach & Magers, Houston, TX, George Michael Jamail, Bernsen, Jamail & Goodson, Beaumont, TX, Lee P. Wood, Nathan Wood & Sommers, Houston, TX, John C. Brentin, Houston, TX, for Advisory Committee to the First Mortg. Inv. Ass'n Liquidating Trust.

Joseph Martin Green, Wells Peyton Beard Greenberg Hunt & Crawford, Beaumont, TX, for Joseph Salvagio, Ann Hecker, Ray Hecker, Alida Melancon, Melia Melancon, Yola M. Melancon, Darrell Marchand, Sr., Tommy L. Thomas, Sylvia Thomas, Barry T. Nicholas,

issue; accordingly, I will not address the issue because the matter is not before me.

Dwayne Ritchey, Joli Ritchey, Keely Ritchey, Beverly Salvagio, Rosa Salvagio, Hollis Whorton, Michelle Whorton.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiffs Ronald J. Sommers, Liquidating Trustee for the First Mortgage Investment Association Liquidating Trust (Trustee), and the Advisory Committee to the First Mortgage Investment Association Liquidating Trust (Advisory Committee) filed a motion to remand the above styled and numbered cause to the 58th Judicial District Court of Jefferson County, Texas, contending that all defendants did not properly join in the removal pursuant to 28 U.S.C. section 1446(a) and the removing defendant failed to give prompt written notice of the removal to all adverse parties as required by 28 U.S.C. section 1446(d). In opposition, the "Hecker Defendants" maintain that this action was properly removed under the bankruptcy removal statute, 28 U.S.C. section 1452.[1]

The court holds that, in this core bankruptcy proceeding, section 1452 of the bankruptcy removal statute does not require that all defendants join in the removal of a state court proceeding. This court also finds that the Hecker defendants promptly provided plaintiffs with written notice for purposes of 28 U.S.C. section 1446(d). Therefore, the plaintiffs' Motion to Remand is, in all things, DENIED.

## I. BACKGROUND

Prior to the initiation of the state court suit, a number of bankruptcy estates had been submitted for voluntary reorganization under Chapter 11 of the United States Bankruptcy Code. Pursuant to this reorganization attempt, a jointly filed Liquidation Plan and Liquidation Trust agreement had been confirmed by the United States Bankruptcy Court for the Southern District of Texas. After the bankruptcy court issued its final decree and closed these cases, the Trustee resolved a number of disputed creditor's claims.

The Trustee and the Advisory Committee brought this action in state court seeking a declaratory judgment construing the Liquidation Plan, the Liquidation Trust Agreement, and certain disputed Chapter 11 claims in order to resolve a number of other disputed claims. Plaintiffs sought to have the state court declare that the defendants are "insiders" and, as insiders, defendants would not be entitled to receive any distribution of trust property from the Liquidating Trust.[2]

The Hecker defendants timely filed their petition for removal on April 3, 1995. The Trustee and the Advisory Committee then filed this motion to remand now before the court.

## II. ANALYSIS

■ The parties do not dispute that there are no issues of state law involved in this case. The plaintiffs' claims involve matters concerning the administration of a bankruptcy estate, 28 U.S.C. section 157(b)(2)(A). This court, therefore, has jurisdiction over this case as it is a bankruptcy case or proceeding under 28 U.S.C. section 1334.

■ Generally, the removal procedure under 28 U.S.C. section 1446 requires all defendants to join or consent in the removal for this court to properly entertain the case. This procedural requirement is based on this circuit's interpretation of 28 U.S.C. section 1441(a). See, e.g., Doe v. Kerwood, 969 F.2d 165, 167 & n. 5 (5th Cir.1992). Section 1441(a) states that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be*

---

1. The "Hecker Defendants" include Joseph Salvagio, Trustee for Gulf Coast Arms, Ann Hecker, Ray Hecker, Alida Melancon, Melia Melancon, Yola M. Melancon, Darrell Marchand, Sr., Tomy L. Thomas, Sylvia Thomas, Barry T. Nicholas, Dwayne Ritchey, Beverly Salvagio, Rosa Salvagio, Trustee for Salvagio Trust, Hollis Whorton, and Michelle Whorton.

2. An "insider" is defined under 11 U.S.C. section 101(31). If the debtor is a corporation, an insider includes (1) directors of the debtor; (2) officers of the debtor; (3) persons in control of the debtor; (4) a partnership in which the debtor is a general partner; (5) general partners of the debtor; or (6) a relative of a general partner, director, officer or person in control of the debtor.

*removed by the defendant or the defendants,* to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). The unanimous defendants must file their removal petition within thirty days after the first defendant is served or otherwise obtains a copy of the initial pleadings. 28 U.S.C. § 1446(b); *Burr v. Choice Hotels, Intern., Inc.,* 848 F.Supp. 93, 94 (S.D.Tex.1994). Additionally, defendants must give prompt written notice of removal to all adverse parties. 28 U.S.C. § 1446(d); *Thompson v. Louisville Ladder Corp.,* 835 F.Supp. 336, 338 (E.D.Tex. 1993).

In the case *sub judice,* plaintiffs contend that not all defendants joined or consented to the removal. As such, plaintiffs assert that 28 U.S.C. section 1446(a) requires that this court remand the case to state court. Defendants maintain, however, that this case is controlled by the bankruptcy removal statute, 28 U.S.C. section 1452.

■ Section 1452 states, in relevant part, that *"[a] party may remove* any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452 (emphasis added). Under section 1452, any defendant has the right to remove a state court action without the consent of the other parties. *Creasy v. Coleman Furniture Corp.,* 763 F.2d 656, 660 (4th Cir.1985); *In re Eagle Bend Development,* 61 B.R. 451, 457 (Bankr.W.D.La.1986).

The plain language of section 1452 differs from the language of 28 U.S.C. section 1441(a) in that section 1452 permits "a party" to remove an action from state court. In *Creasy,* the court refused to interpret section 1452 the same way as section 1441(a) and held that, in bankruptcy related matters, any one party may remove the state court action without the consent of the other parties. *Creasy,* 763 F.2d at 660; *see also In re Eagle Bend Development,* 61 B.R. at 456–57 (adopting *Creasy* and holding same).

This court also refuses to afford similar interpretations to section 1441(a) and section 1452. The Hecker defendants removed the instant action without obtaining the joinder or consent of the remaining defendants. In a non-bankruptcy related matter, this removal may have been flawed. However, this court finds that section 1452 of the bankruptcy removal statute permits an individual defendant in a multi-defendant case to remove an action from state court without the joinder or consent of the other defendants when the lawsuit contains matters related to a bankruptcy case.

■ Plaintiffs also contend that the Hecker defendants failed to give prompt written notice of removal to all adverse parties. Both plaintiffs received written notice of removal a few days after the removal was filed. Prompt notice does not specify a specific time period. Certainly the receipt of written notice a few day after the removal satisfies the promptness requirement of 28 U.S.C. section 1446(d).

For the foregoing reasons, plaintiffs' motion to remand is DENIED.