Tony ROSS, Brian and Toni Hammond, George and Nadine Hess, Don and Donna Gerbeling, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

THOUSAND ADVENTURES OF IOWA, INC. and Thousand Adventures, Inc., and Heller Financial, Inc., and All-state Financial, Inc., and Cascade Finance, and Zarr, Inc., and Consumer Loan Portfolios, Inc., and Travel America, Inc., and Western American Bank, N.A., and Liberty Bank, and Community First Bank f/k/a Carrolton Federal Bank, and Great Western Bank f/k/a Douglas County Bank, and 900 Capital, and Travelers Acceptance Corp., and Geico Financial Services,

Inc., and Farmers & Merchants Bank f/k/a Nebraska State Bank, and Washington County Bank, and Wheeler Investment Group, and First Savings Bank of Arlington, and Receivable Financing Corp., Defendants.

No. 3–00–CV–10236.

United States District Court, S.D. Iowa, Davenport Division.

Sept. 20, 2001.

Douglas H. Napier, Napier Wolf & Napier, Fort Madison, IA, for plaintiffs.

James R. Adams, Douglas R. Dennis, Frost Brown Todd, LLC, Cincinnati, OH, for Thousand Adventures of Iowa, defendant.

Thomas M. Cunningham, Pingel & Templer, PC, West Des Moines, IA, for Heller Financial, Inc., defendant.

Mark L. Zaiger, Shuttleworth & Ingersoll, Cedar Rapids, IA, Jeffrey E. Altshul, Miki Vucic, Hopkins & Sutter, Chicago, IL, Antony S. Burt, Michael P. Mullins, Schiff Hardon & Waite, Chicago, IL, for Allstate Financial, Inc., defendant.

Michael P. Mallaney, Smith Schneider Stiles Hudson Serangeli Mallaney & Shindler, Des Moines, IA, for Travel America, Inc., defendant.

G. Mark Rice, Adams & Rice, Des Moines, IA, Mark C. Enoch, Lawrence

Fischmann, Glast Phillips & Murray PC, Dallas, TX, for Western American Bank, NA, defendant.

Nick Critelli, Critelli & Associates, Des Moines, IA, Elizabeth A. Fitzsimmons, Sabia & Hartley, Hartford, CT, for Liberty Bank, defendant.

Robert S. Hatala, James L. Sines, Crawford Sullivan Read Roemerman & Brady PC, Cedar Rapids, IA, for Community First Bank, defendant.

William G. Dittrick, Heidi A. Guttau-Fox, Thomas O. Ashby, Baird Holm McEachen Pedersen Hamann & Strasheim, Omaha, NE, for Great Western Bank, defendant.

Brent Ruther, Aspelmeier Fisch Power Warner & Engberg, Burlington, IA, for Geico Financial Services, Inc., defendant.

Scott J. Coziahr, Ronald E. Eggers, Gross & Welch PC, Omaha, NE, for Washington County Bank, defendant.

Robert V. P. Waterman, Jr., Lane & Waterman, Davenport, IA, John F. Pollick,

Hill Gilstrap & Balson, Chicago, IL, for First Savings Bank of Arlington, defendant.

## ORDER

LONGSTAFF, Chief Judge.

This Court held a hearing on May 9, 2001 to address plaintiffs' motion to remand. At the hearing, the Court set up a briefing schedule which has since been adhered to by the parties. While defendants have filed other motions,[1] this Court has determined that the preliminary motion this Court must address is the motion to remand.[2]

Following the May 9 hearing, an amended notice of removal was filed by defendant, Great Western, on May 14, 2001. This pleading adopted the amendments this Court allowed in its May 7, 2001 Order addressing defendants' motion to amend the notice of removal. On June 1, 2001 plaintiffs filed an amended motion to remand. On July 2, 2001 defendants filed a joint resistance to this motion. Defen-

---

1. Also currently pending are motions by defendants for enforcement of the automatic stay, which was discussed at the May 9 hearing, and to dismiss for lack of personal jurisdiction.

2. Plaintiffs' brief in support of their motion to remand argues this Court lacks subject matter jurisdiction, while some defendants argue this Court should rule upon their motions to dismiss for lack of personal jurisdiction. The question then is whether subject matter or personal jurisdiction should be first addressed by this Court. The Supreme Court has recently addressed this question. *See Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999).

While the Supreme Court found that there is not an "unyielding jurisdictional hierarchy" between subject matter and personal jurisdiction, it also stated that "[c]ustomarily, a federal court first resolves doubts about its jurisdiction over the subject matter ...." *Id.* at 1563. In *Ruhrgas AG,* the Supreme Court

confronted a civil action removed from state court to federal court on the basis of diversity jurisdiction. *Id.* at 1568. The Court decided the case before it was an "exceptional case," where a straightforward issue of personal jurisdiction was presented along with a complicated issue of subject matter jurisdiction, and therefore the district court did not abuse its discretion by addressing personal jurisdiction first. *Id.* at 1572. It stated that in most cases, where the subject matter jurisdiction determination "will involve no arduous inquiry," it should be disposed of first. *Id.* at 1572; *see also Foslip Pharmaceuticals, Inc. v. Metabolife Int'l, Inc.,* 92 F.Supp.2d 891 (N.D.Iowa 2000) (determining it was an exceptional case under *Ruhrgas AG* and therefore that personal jurisdiction would be addressed prior to subject matter jurisdiction).

Applying the law as stated in *Ruhrgas AG,* the Court finds this is not an exceptional case which would make it appropriate for the Court to preliminarily address the personal jurisdiction issues.

dant Community First Bank filed a supplemental resistance to the remand motion on this same day. On July 3, 2001 defendants Heller Financial, Inc., Allstate Financial, Inc., Western American Bank, Liberty Bank, Community First Bank, Geico Financial, and First Savings Bank filed a separate resistance to the remand motion. Plaintiffs then filed a reply on July 13, 2001. While in-person oral argument has been requested by defendants, the Court finds it unnecessary. The matter is well briefed and fully submitted.

 In a motion to remand, the following principles are applied:

(1) the party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction; (2) a fundamental principle of removal jurisdiction is that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed; (3) lack of subject matter jurisdiction requires remand to the state court under the terms of 28 U.S.C. § 1447(c); (4) the court's removal jurisdiction must be strictly construed; therefore, (5) the district court is required to resolve all doubts about federal jurisdiction in favor of remand; and, finally, (6) in general, remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus.

*Foslip Pharmaceuticals, Inc. v. Metabolife Int'l, Inc.,* 92 F.Supp.2d 891, 901

(N.D.Iowa 2000) (quoting *McCorkindale v. American Home Assur. Co./A.I.C.,* 909 F.Supp. 646 (N.D.Iowa 1995) (other citation omitted)).

In this case, defendants have asserted two grounds for this Court to exercise subject matter jurisdiction. The first is federal question jurisdiction under 28 U.S.C. § 1331. *See* Amended Notice of Removal at ¶ 3. Defendants argue that plaintiffs have presented a substantial question of federal law by relying on a federal regulation, 16 C.F.R. § 433. The second ground for subject matter jurisdiction asserted by defendants is related-to-bankruptcy jurisdiction, pursuant to 28 U.S.C. §§ 157, 1334(b), and 1452.[3] *See* Amended Notice of Removal at ¶¶ 4–5. However, under either theory of subject matter jurisdiction, defendants' burden as the party opposing remand is to establish that the joinder requirement for removal has been properly met.

 "As a general rule, all defendants must join in a removal petition in order to effect removal." *Jones v. Kremer,* 28 F.Supp.2d 1112, 1113 (D.Minn.1998) (citing *Bradley v. Maryland Cas. Co.,* 382 F.2d 415, 419 (8th Cir.1967) (other citations omitted)). This is referred to as the rule of unanimity. Each defendant must join in the notice of removal or file a separate notice of removal within thirty days of the date they are served with the plaintiff's state court petition, *see Marano Enter. of Kansas v. Z–Teca Restaurants, L.P.,* 254 F.3d 753, 755–57 (8th Cir.2001),[4] or each

**3.** As detailed in the May 7 Order of this Court and at the May 9 hearing, defendant Thousand Adventures, Inc. also known as Thousand Adventures of Iowa, has been involved in bankruptcy proceedings in the United States Bankruptcy Court for this district since 1997.

**4.** Plaintiffs argue that each defendant must join within thirty days of the first served de-

fendant. This rule was rejected in *Marano,* 254 F.3d at 757. The exact holding of *Marano* is that all defendants have "thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants," even if the first served-defendant does not file for removal within thirty days. *Id.* In this case, only one notice of removal has been filed, and it was filed by the first served defendant. Therefore,

defendant must meet one of the three exceptions to the rule of unanimity. Those three exceptions to the joinder requirement are: 1.) when a co-defendant has not been served at the time the removal petition is filed; 2.) when a co-defendant is only a nominal defendant; and 3.) when the removed claim is separate and independent under 28 U.S.C. § 1441(c). *See Kremer*, 28 F.Supp.2d at 1113 n. 2 (citing *Bradley*, 382 F.2d at 419 (other citations omitted)).

In this case, there are nineteen separate defendants. Great Western was served on December 4, 2000, and filed its notice of removal within thirty days, on December 20, 2000. Thereafter, several defendants joined within thirty days of the time that they were served.[5] Plaintiff has conceded that one defendant is nominal and excepted from the rule of unanimity.[6] Two defendants joined in the notice of removal after their thirty day window passed.[7] Three defendants have not joined in the notice of removal.[8] The remaining defendants are excused from joinder as the

record reflects that they were not served at the time Great Western filed its notice of removal.[9]

Defendants argue that only those defendants who had been served, and whose returns of service had been filed by plaintiffs with the state court at the time the notice of removal was filed, were required to timely join. Defendants rely on the *Milstead* rule, as stated in *Milstead Supply Co. v. Cas. Ins. Co.*, 797 F.Supp. 569, 573 (W.D.Tex.1992) (holding joinder in a removal petition need only be accomplished by those defendants who have been served and whom the removing defendant actually knew or should have known had been served). Great Western, as the first served defendant, asserts that on December 19, 2000 it was informed by the Lee County District Court Clerk that no other returns of service were on file. *See* Defendants' Joint Opposition to Plaintiffs' First Amended Motion For Remand, Exhibit A at ¶ 5 (Affidavit of Heidi Guttau–Fox). At that time, however, returns of service for

---

this Court concludes that each defendant had thirty days from the time they were served to join in Great Western's notice of removal. This Court believes this conclusion respects both the unanimity requirement and the *Marano* holding which gives later-served defendants a fair opportunity for removal.

5. Allstate Financial, Inc., Liberty Bank, First Savings Bank, Western American Bank, and Heller Financial all joined in Great Western's notice of removal within thirty days of the time they were served.

6. Plaintiffs agreed, at the hearing and in the briefs that followed, Washington County Bank is a nominal party.

7. GEICO Financial was served on December 5, 2000. A return of service was filed with the state court on December 12, 2000. GEICO did not join in the notice of removal until January 5, 2001—31 days after they were served. GEICO has alleged that service upon it was insufficient.

Community First Bank was served on December 7, 2000. A return of service was filed with the state court on December 20, 2000. Community First Bank did not join in the notice of removal until January 10, 2001.

8. Those defendants who have not joined are Travel America, 900 Capital, and Receivable Financing. Travel America and 900 Capital were served on December 8, 2000, while Receivable Financing was not served until December 13, 2000. Returns of service were not filed for any of these defendants until January 19, 2001. Travel America, despite not joining in the removal, filed an answer in this Court on March 9, 2001.

9. Excused from compliance with the unanimity rule are Thousand Adventures of Iowa, Inc., Thousand Adventures, Inc., Cascade Finance, Zarr, Inc., Consumer Loan Portfolios, Farmers & Merchants Bank, and Wheeler Investment Group.

Washington County Bank and GEICO Financial were actually on file with that court. Defendants argue that no other defendants were required to timely join in Great Western's notice of removal as Great Western was not aware that any other defendants had been served. Implied from Great Western's argument is that it believed all other defendants would be excused from joinder because returns of service were not on file. In the alternative, defendants argue Washington County Bank and GEICO were both excused from timely joinder.

The Eighth Circuit, however, has not adopted the *Milstead* rule. Further, it is unlikely the Eighth Circuit would agree with the district court in *Milstead* as that court was bound by the rules of the Fifth Circuit, which hold that the thirty-day time period to join a notice of removal begins to run from the time the first defendant is served. *See Milstead*, 797 F.Supp. at 572 (citing *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988)). The Eighth Circuit has rejected this rule. *See Marano*, 254 F.3d at 757. In *Milstead*, the fact that the time began to run from the time the first defendant was served caused the district court to view the first served defendant as having a "dilemma" of "removing first and asking questions later." *Id.* This concern is not present in this case, as each defendant had thirty days from the time that they were

individually served to join in any existing notice of removal or file their own notice of removal. *See Marano*, 254 F.3d at 757.

■ This Court thus finds defendants, who did not fit one of the three exceptions, were required to join in Great Western's notice of removal within thirty days of being, served. Even assuming service on GEICO was defective, other defendants failed to timely join or failed to join at all in Great Western's notice of removal.[10] Therefore, this Court cannot exercise subject matter jurisdiction based on the existence of a federal question because of the joinder deficiency.[11] Based on this finding, the Court need not address whether a federal question is presented by plaintiff's petition.

■ Remaining is defendants' second stated ground for this Court to exercise subject matter jurisdiction—the theory of related-to-bankruptcy jurisdiction. *See* 28 U.S.C. §§ 1334, 1452. Defendants argue that the unanimity rule does not apply in this context, and therefore whether there was a joinder-deficiency is non-consequential. *See Sommers v. Abshire*, 186 B.R. 407 (E.D.Tex.1995) (holding the unanimity rule, and its three exceptions, do not apply to 28 U.S.C. § 1452, and that one defendant can remove if related-to-bankruptcy jurisdiction does exist). The district court in *Sommers* pointed out that the language of section 1452 differs from general remov-

10. Community First Bank joined more than thirty days after the time they had been served. Travel America, 900 Capital and Receivable Financing never joined in Great Western's notice of removal.

11. The Court also notes that defendants argue plaintiffs have created an inequity by serving defendants in a piecemeal fashion, and thus this Court should not grant plaintiffs' remand motion. *See Wright v. Missouri Pacific R. Co.*, 98 F.2d 34 (8th Cir.1938) (holding defendants should not be precluded from removal due to

plaintiff's failure in properly forming the state court record). This Court disagrees that defendants in this case are experiencing an inequity, as every defendant had thirty days from the time that they were served to join in the notice of removal. Defendants were not precluded from joinder, nor prejudiced in any other way, based on when they were served by plaintiff. Further, if a defendant was not served at the time Great Western filed the notice, then they were excused from joinder anyway.

al. Section 1452 states that "[a] party may remove ... if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." The *Sommers* court relied on the plain meaning of the statute to hold that the unanimity rule does not apply under section 1452, as "[a] party may remove" under the statute. *Sommers*, 186 B.R. at 407.

There are several reasons this Court respectfully disagrees with *Sommers*. First, its stated rule does not appear to be a majority rule. *See, e.g., Hills v. Hernandez*, 1998 WL 241518 (E.D.La.1998) (holding the unanimity rule applied even when defendants attempted to remove under section 1452); *Intra Muros Trust v. Truck Stop Scale Co.*, 163 B.R. 344 (N.D.Ind. 1994) (applying the limitations established by section 1446 to section 1452). Additionally, the *Sommers* court's attachment of significance to the use of the term "a party" seems misplaced. Section 1446(a) also states "[a] defendant" can file a notice of removal, yet there is no question that the unanimity rule applies. The fact that "a defendant" or "a party" may file the notice of removal, based on federal question jurisdiction or related-to-bankruptcy jurisdiction, does nothing to dilute the unanimity rule when multiple defendants seek to remove a case to federal court. Under either scenario, if one properly served defendant does not join in removal and is not excused from joinder by one of the three exceptions, the case is not properly removed and should be remanded. Further, the district court in *Sommers* was also controlled by Fifth Circuit law, which, as previously discussed, substantially diverges from that of the Eighth Circuit with respect to removal.

This Court declines to adopt the *Sommers* rule. The sections governing remov-

al, 28 U.S.C. §§ 1441–1452, must be read together. The unanimity rule is a strong rule governing notices of removal, and enforcement of the rule allows the plaintiff's choice of forum strong deference. *See generally Midwestern Distrib., Inc. v. Paris Freight Lines, Inc.*, 563 F.Supp. 489, 493 (E.D.Ark.1983). Any doubt regarding removal is to be resolved in favor of remand. *See Foslip Pharmaceuticals, Inc.*, 92 F.Supp.2d at 901. Further, the bankruptcy court's statements in hearings which touch upon this case have indicated that The Honorable Lee M. Jackwig has found that plaintiffs in this case are not violating the automatic stay by bringing this action in state court. Her statements have also indicated she believes state court is the appropriate adjudicatory forum. *See* Plaintiff's Memorandum in Support of their Resistance to Defendants' Motion to Enforce the Automatic Stay, Exhibit 1 at 13 n. 6 (Bankruptcy Court's June 23, 2000 Ruling on Intervention) (indicating the bankruptcy court deferred to the state court on a matter of state contract law involving the defendants other than the debtor, Thousand Adventures); and Defendants' Response to Plaintiffs' Notice of Bankruptcy Court's Finding on Automatic Stay Issues, Exhibit A at 34 (Transcript of April 10, 2001 Hearing Before Bankruptcy Court) (Judge Jackwig states that it is her "opinion that there's no violation of the stay by what was brought by [plaintiffs] at the end of 2000"—namely, the case now before this Court).

Thus, defendants' joinder deficiency, even under a theory of related-to-bankruptcy jurisdiction, prevents this Court from exercising subject matter jurisdiction in this case.

For the above stated reasons, **plaintiffs' motion to remand is grant-**

ed.[12]

IT IS SO ORDERED.

12. Plaintiffs have requested an award of costs and attorneys fees in this action. *See* 28 U.S.C. § 1447(c) (stating "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"). The Court denies this request. Defendants did not act wrongly, frivolously, or in bad faith in removing this action to federal court; rather, defendants failed to satisfy the unanimity rule which rendered their removal attempt to be defective. *See, e.g., Wells' Dairy, Inc. v. American Indus. Refrigeration, Inc.,* 157 F.Supp.2d 1018, 1041–43 (N.D.Iowa 2001) (despite granting plaintiff's motion to remand, the court determined defendants' removal was not based on frivolous grounds, and therefore declined to award plaintiffs' motion for fees and costs under section 1447(c)).