ORION REFINING CORP., et al.

v.

FLUOR ENTERPRISES, INC., et al.

Civ.A. No. 04–570.

United States District Court,
E.D. Louisiana.

June 17, 2004.

Dean Rauchwerger, Martin C. Sener, Kenneth R. Wysocki, Michael S. Errera, Clausen Miller, PC, Chicago, IL, Russ M. Herman, Sidney A. Cotlar, Leonard A. Davis, Stephen J. Herman, Herman, Mathis, Casey & Kitchens, LLP, New Orleans, LA, for Plaintiffs.

Dominic Joseph Gianna, John Dennis Person, Barry H. Grodsky, Sarah Ann Lowman, Jeffrey E. Combes, Laura E.F. Thompson, Middleberg, Riddle & Gianna, John Carter McNeese, W.F. Bologna & Asssociates, New Orleans, LA, Henry J.

Kaim, Bracewell & Patterson, Houston, TX, Wade Antoine Langlois, III, Thomas W. Darling, Aaron M. Trovillion, Gaudry, Ranson, Higgins & Gremillion, LLC, Gretna, LA, Judith Ruth Atkinson LLC, Thomas E. Balhoff, Carlton Jones, III, Roedel, Parsons, Koch, Frost, Balhoff & McCollister, Baton Rouge, LA, Sheryl D. Story, Law Offices of Sheryl Story, Metairie, LA, for Defendants.

### ORDER AND REASONS

VANCE, District Judge.

There are five motions pending before the Court. Orion Refining Corporation moves the Court to remand this matter to the 29th Judicial District Court for the Parish of St. Charles. Defendant Fluor Enterprises, Inc. opposes the motion. Fluor also moves the Court to supplement and amend its notice of removal. Orion opposes this motion.

If the Court retains jurisdiction of this matter, Fluor asks the Court for a stay pending confirmation of Orion's plan of reorganization, currently before the United States Bankruptcy Court for the District of Delaware. Orion opposes this motion. Fluor also moves the Court to transfer this matter to the United States District Court for the District of Delaware, where Orion's bankruptcy proceeding is pending. Orion and Fluor's codefendants, Ameritek Heat Treating and Field Machining Services, Inc. and International Piping Systems, L.L.C., oppose this motion. Finally, Orion moves to strike defendant Ameritek's Notice of Joinder and Removal. Ameritek opposes this motion.

For the following reasons, the Court grants Orion's Motion to Remand. The Court further dismisses all of the other motions.

## I. Background

Plaintiff Orion Refining Corporation was the owner and operator of a refinery at Norco, Louisiana that produces gasoline, diesel fuel, and kerosene. The Delayed Coker Unit allows the refinery to process lower quality crude oil into higher quality products, such as gasoline. In January 2003, an explosion and fire occurred at the Norco refinery, allegedly emanating from the Delayed Coker Unit. Orion alleges that the explosion occurred as a result of the rupture of a chrome line that services the Coker heaters. The explosion damaged several other sections of the refinery. As a result, Orion was unable to continue the refinery's operations.

In May 2003, Orion filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. In the bankruptcy proceeding, defendant Fluor Enterprises, Inc. filed a proof of claim and then an adversary proceeding against Orion, alleging that Orion did not pay Fluor for work on Orion's properties in St. Charles Parish, Louisiana. Orion answered the adversary proceeding in March 2004. In April 2004, Orion filed its Disclosure Statement and Chapter 11 Bankruptcy Plan in the bankruptcy court.

In January 2004, Orion, for itself and on behalf of its insurers, sued Fluor, Southeast Louisiana Contractors of Norco, Inc., Copperheat–MSQ, Inc., Ameritek Heat Treating and Field Machinery Services, Inc., International Piping Systems, Inc., and their insurers in the 29th Judicial District Court for the Parish of St. Charles. Orion sued on Louisiana state law theories of negligence and products liability, alleging that defendants are responsible for the "design, construction, sale, installation, quality assurance, testing, and inspection" of the defective line in the Delayed Coker Unit. (*See* Orion's Petition, ¶ III).

Fluor removed Orion's state court action to this Court under the bankruptcy removal statute, 28 U.S.C. § 1452. Fluor grounds jurisdiction in this Court on 28 U.S.C. § 1334, alleging that the civil action is "related to" Orion's bankruptcy because any state court judgment rendered in favor of Orion will affect Orion's estate. Fluor also filed a Motion for Stay, asking the Court to stay the matter pending confirmation of Orion's bankruptcy plan. Fluor also sought a change of venue to the District Court of Delaware, where Orion's bankruptcy proceeding is pending.

In March 2004, Orion filed a Motion to Remand, alleging, *inter alia*, that Fluor's notice of removal contained several procedural defects. In response, Fluor filed a Motion for Leave to File Supplemental and Amending Notice of Removal. Fluor argues that it has the right to supplement the removal notice to correct procedural and jurisdictional errors under 28 U.S.C. § 1653. In April 2004, defendant Ameritek filed a Notice of Joinder of Removal to Fluor's Notice of Removal. Orion now moves to strike Ameritek's notice of joinder.

## II. Motion to Remand

Orion advances several theories in support of its argument that the Court should remand this matter to the 29th Judicial District Court for the Parish of St. Charles. Orion first argues that Fluor's Notice of Removal is procedurally defective in three ways. Orion argues that the notice is defective because: (1) Fluor failed to obtain the consent of all of the other defendants to the notice of removal; (2) Fluor failed to attach a copy of all of the state court pleadings and filings to the notice of removal; and (3) Fluor failed to state in the removal notice whether the removed action is a core or non-core proceeding pursuant to Bankruptcy Rule of Procedure 9027.

In the alternative, Orion argues that 28 U.S.C. § 1334(c)(2) mandates abstention because Orion's claims are based on Louisiana state law and are non-core proceedings. Orion also contends that if the Court does not find that mandatory abstention is applicable here, it may permissively abstain under 28 U.S.C. § 1334(c)(1). As a final argument, Orion argues that the Court may remand this matter under 28 U.S.C. § 1452(b) for equitable reasons.

### A. Procedural Defect: The Rule of Unanimity

The Fifth Circuit has interpreted 28 U.S.C. §§ 1446(a) and (b) to require that all properly served defendants join in a notice of removal. *See Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir.2002); *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir. 1988).[1] This rule does not require that all served defendants sign the notice of re-

---

1. These sections provide, in pertinent part:

A defendant or defendants desiring to remove a civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ... containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendants, whichever period is shorter.

28 U.S.C. § 1447(a) & (b).

moval. *See Getty Oil,* 841 F.2d at 1262 n. 11; *Clark v. Field Inspection Serv.,* Civ. A. No. 94–192, 1994 WL 180278, at *2 (E.D.La.1994). The rule requires that there be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has consented to such action." *Getty Oil,* 841 F.2d at 1262 n. 11. To consent to the notice of removal, each properly served defendant "must join in the petition no later than thirty days from the day on which the first defendant was served." *Id.* at 1263.

Orion filed the state court suit on January 26, 2004. (*See* Pl.'s Mot. Remand, Ex. H). Fluor was served on January 29, 2004. (*See id.,* Ex. B). Defendants Southeast Louisiana Contractors, Copperheat, International Piping, and all four insurers were served on January 30. (*See id.,* Ex. B). Defendant Ameritek was served on February 2. (*See id.*). Fluor had 30 days from service upon it within which to file its notice of removal, or by March 1, 2004. *See* 28 U.S.C. § 1446(b). Because Fluor filed its notice of removal on February 27, 2004, Fluor's notice of removal was timely.

Orion argues that to render the removal notice procedurally proper, however, each of Fluor's co-defendants had to file a written notice into the record that it joined in or consented to the notice of removal by March 1, 2004. *See Getty Oil,* 841 F.2d at 1263. To date, only Ameritek has filed a written consent into the record. (*See* Rec. Doc. No. 20).[2]

Southeast Louisiana Contractors, International Piping, and all four insurers, although properly served well before the thirty-day removal deadline, have yet to consent to Fluor's removal.[3] Indeed, Fluor did not even represent in its notice of removal that all of the other defendants had consented to it. Fluor's failure to obtain the consent and joinder of all of the other defendants may render its removal notice procedurally defective and may warrant remand on this ground alone. *See Getty Oil,* 841 F.2d at 1263 n. 12.[4]

Fluor argues that it is not required to obtain all of the other defendants' consent to removal because it removed based on federal question, specifically bankruptcy, jurisdiction. Fluor contends that the cases on which plaintiff relies are diversity jurisdiction suits, in which it concedes that the consent of all of the defendants is necessary in order to remove. Fluor

---

**2.** Orion moves to strike Ameritek's joinder. Because none of the other defendants has joined Fluor's notice of removal, *see infra,* the Court need not determine whether it should strike Ameritek's joinder.

The Court notes, however, that Ameritek's notice is most likely untimely. *See, e.g., Clark,* 1994 WL 180278, at *2 ("Moreover, even if it was appropriate to allow Field thirty days from its service to consent to Shell's removal, the court would still find Field's removal untimely as Field did nothing with respect to removal until ... almost two months after plaintiff served Field."). Ameritek did not file its notice of joinder until April 21, 2004— seven weeks after the statutorily-mandated deadline, and two and a half months after Orion served it. (*See* Rec. Doc. No. 21).

**3.** The Court administratively closed the case as to defendant Copperheat when Copperheat filed for bankruptcy. (*See* Rec. Doc. Nos. 16 & 17).

**4.** The courts in this circuit recognize three exceptions to the rule of unanimity. *See, e.g., Pan Am. Trade Consultants, Inc. v. Aerotyme, Inc.,* No. Civ. A. 97–1331, 1997 WL 466819, at *2 n. 1 (E.D.La.1997) (noting exceptions); *Davis v. Rollins Leasing Corp.,* Civ. A. No. 94–1362, 1994 WL 285056, at *2 (E.D.La.1994) (same); *CMH, Inc. v. Canal Place Management,* No. Civ. A. 92–4201, 1993 WL 70252, at *2 (E.D.La.1993) (same). Fluor does not argue, however, that any of the exceptions applies to its removal.

maintains that the rule of unanimity is not applicable to civil actions removed on the grounds of federal question jurisdiction. This argument is inconsistent with Supreme Court and Fifth Circuit case law. In *Chicago, Rock Island, & Pacific Railway Co.*, the defendant-receivers removed a state court action to federal court, arguing that, as to them, the suit arose under the Constitution because the circuit courts for the district of Kansas and Nebraska had appointed them receivers for the corporation. 178 U.S. 245, 246, 20 S.Ct. 854, 44 L.Ed. 1055 (1900). The Supreme Court, assuming *arguendo* that the suit arose under the Constitution, remanded the suit because all of the defendants had not joined in the notice of removal. *See id.* at 246, 248, 20 S.Ct. 854; *see also Gillis*, 294 F.3d at 757 (affirming denial of remand under "exceptional circumstances" doctrine when removal based on federal question jurisdiction); *Doe*, 969 F.2d at 166–67 (remanding because all defendants did not join in notice of removal based on federal question jurisdiction); *Henry v. Independent Am. Savings Ass'n*, 857 F.2d 995 (5th Cir.1988) (affirming removal based on federal question jurisdiction under "separate and independent" claim exception); *Harris v. Edward Hyman Co.*, 664 F.2d 943, 944–46 (5th Cir.1981) (finding plaintiff waived her objection to procedural defect in notice of removal based on Section 301 preemption); *Pan Am. Trade Consultants*, 1997 WL 466819 (remanding when all defendants failed to join in notice of removal based on federal question jurisdiction).

Fluor also argues that the rule of unanimity does not apply to removals under Section 1452.[5] The Court's review of ap-

plicable case law reveals that the circuit, district, and bankruptcy courts are in disagreement with regard to whether the rule of unanimity applies to Section 1452 removals. The Fifth Circuit has not squarely addressed this issue.

Fluor and Ameritek refer the Court to cases that hold that the rule of unanimity does not apply to bankruptcy removals under Section 1452. *See Creasy v. Coleman Furniture Corp.*, 763 F.2d 656 (4th Cir.1985); *Joe Conte Toyota, Inc. v. Howell*, No. Civ. A. 97–0686, 1997 WL 222410 (E.D.La.1997); *Sommers v. Abshire*, 186 B.R. 407 (E.D.Tex.1995). Citing *Creasy*, the Second Circuit has recently held that the rule of unanimity does not apply to Section 1452 removals. *See California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 103 (2d Cir.2004). These courts have found that "because any one 'party' can remove under Section 1452(a), removal under that provision, unlike removal under Section 1441(a), does not require the unanimous consent of the defendants." *WorldCom*, 368 F.3d at 103 (emphasis in original); *see Creasy*, 763 F.2d at 660.

On the other hand, many district and bankruptcy courts, including those in this circuit, have found that the rule of unanimity applies to removal based on bankruptcy jurisdiction under Section 1452. *See, e.g., The Retirement Sys. of Ala. v. Merrill Lynch & Co., J.P.*, 209 F.Supp.2d 1257, 1262–64 (M.D.Ala.2002) (citing cases); *Ross v. Thousand Adventures of Iowa, Inc.*, 178 F.Supp.2d 996, 1002 (S.D.Iowa 2001) (citing cases); *Whitney Nat'l Bank v. Bunch*, No. Civ. A. 00–2859, 2001 WL 87443, at *2 n. 9 (E.D.La. 2001) ("Although WNB did not raise the

5. Section 1452 provides that
[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action

is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
28 U.S.C. § 1452(a).

point, the Court also notes that the non-removing defendants have not consented on the record to removal. 28 U.S.C. § 1446(b) requires that all defendants ... join in the notice of removal ... This rule also applies to 'related to' removals pursuant to 28 U.S.C. § 1452."); *Hills v. Hernandez,* No. Civ. A. 98–1108, 1998 WL 241518, at *2 (E.D.La.1998) (remanding suit when all defendants did not join in notice of removal based on bankruptcy removal statutes); *CMH,* 1993 WL 70252, at *2 (same). As noted by the district court in *Retirement Systems,* to interpret Section 1452 as authorizing the removal of *an entire civil action* would be to ignore the clear language of the statute, which provides that "any party" may remove a *"claim or cause of action"* only to federal court. 209 F.Supp.2d at 1264; *see also* 28 U.S.C. § 1452(a).

The Court finds this logic sound. One commentator has suggested that for purposes of Section 1452 removals, courts should use the claim preclusion definition of "claim" to determine exactly what a party may remove under this section. *See* S. Elizabeth Gibson, *Removal of Claim Related to Bankruptcy Cases: What is a "Claim or Cause of Action"?,* 34 UCLA L. REV. 1, 48 (1986). For claim preclusion purposes, authorities uniformly agree that in a multi-defendant lawsuit, "a plaintiff has a separate claim against each potential defendant, even if the allegations against the defendants arise out of the same transaction." *Id.* Because each of a plaintiff's claims against each of the defendants in a multi-defendant lawsuit is separate, if one defendant wishes to remove the claim against it under Section 1452, he may do so. By extension, the consent or joinder of all of the other defendants is not required in such a situation because the removing defendant does not remove to federal court any of the other claims against the other defendants. *See id.* Because the claim

preclusion definition of "claim" renders removal under Section 1452 claim- and party-specific, it therefore precludes a defendant from removing an entire action.

If, however, the Court were to read Section 1452 as authorizing a defendant to remove an entire action, including those claims against other defendants that are within the bankruptcy court's jurisdiction, this would expand bankruptcy jurisdiction beyond that envisioned by Congress when it revised Section 1452 in 1978 and 1984: "If none of the parties to a particular claim desires to have it litigated in bankruptcy court, even though the court would have jurisdiction over it, there seems to be no reason to permit a stranger to the claim to remove it and thereby burden the bankruptcy court." *Id.* at 49. Indeed, when Congress amended the Bankruptcy Code in 1978 and 1984 and provided for bankruptcy removals under Section 1452, its intent was to provide for "efficient bankruptcy administration" by authorizing removal of discrete claims or causes of action that fell within the bankruptcy court's jurisdiction. *See id.* at 30. To expand the removal right by allowing any party to remove an entire civil action because one claim relates to a bankruptcy would be to overburden the bankruptcy court and to thwart Congress's intent. *See id.*

The Court finds that the better analysis is not to permit a single party to remove an entire civil action under Section 1452. In a nutshell, the Court finds that removal under Section 1452 is claim-specific and party-specific, and that the claim preclusion definition of "claim" furthers congressional intent to provide efficient bankruptcy administration. In addition, the Court finds that this reasoning is supported by the clear language of the statute itself. The Court finds that if a party removes a claim or cause of action to federal court under 28 U.S.C. § 1452, that party need

not obtain the consent of the other defendants. If the other defendants do not seek removal, they remain in state court. To remove the entire action, there must be a jurisdictional basis in federal court as to each party, and each party must seek or consent to the removal of the claim. *See* Gibson, *supra,* at 56–58.

Here, Fluor removed the entire civil action. Because Fluor removed the entire action, it must have obtained the consent or joinder of all of the other defendants in the notice of removal within thirty days of service on Fluor (the first-served defendant). Because Fluor failed to obtain all of the other defendants' consent, the Court finds that Fluor notice of removal is procedurally defective, and that remand is warranted here.

Nevertheless, the Court recognizes that the defect here is not that Fluor could not have removed the claim against it, but that Fluor removed the entire civil action. In light of the disagreement among the courts on whether the rule of unanimity applies to bankruptcy removals, the Court will also rest its decision to remand on the grounds of permissive abstention under Section 1334(c)(1) and equitable remand under Section 1452(b).

**B. Jurisdiction**

The Court must first decide whether jurisdiction exists for purposes of removal.[6] The bankruptcy jurisdiction of district courts and bankruptcy courts is conferred by 28 U.S.C. § 1334. Section 1334(a) provides for exclusive jurisdiction "of all cases under title 11." 28 U.S.C. § 1334(a). Under Section 1334(b), the district courts have original, but not exclusive, jurisdiction "of all proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* § 1334(b).

Bankruptcy jurisdiction thus extends to four classes of cases: cases under title 11; proceedings arising under title 11; proceedings arising in title 11 cases; and proceedings related to cases under title 11. *See In re Wood,* 825 F.2d 90, 92 (5th Cir.1987). The Fifth Circuit has explained that in determining whether jurisdiction exists, it is necessary to determine only whether a matter is at least "related to" the bankruptcy:

> For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings "arising under", "arising in a case under", or "related to a case under", title 11. These references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least "related to" the bankruptcy. The Act does not define "related" matters. Courts have articulated various definitions of "related", but the definition of the Court of Appeals for the Third Circuit appears to have the most support: "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."

*Id.* at 93.

The Court finds that the proceeding here is at a minimum "related to" Orion's bankruptcy. There is no doubt that a recovery by Orion in this action will have an effect on its estate. Indeed, if Orion recovers from Fluor and the other defendants, its estate will increase, thereby benefitting Orion's creditors in bankruptcy. Certainty, or even the likelihood, of an effect on the estate is not required. *See In re Canion,* 196 F.3d 579, 586–87 & n. 30 (5th Cir.1999). Orion's possible recovery will affect its estate, and the Court

---

**6.** It is axiomatic that the Court must first examine the basis for its jurisdiction. If jurisdiction does not exist, the Court need not reach any other issue.

therefore finds that "related to" jurisdiction exists.

## C. Permissive Abstention and Equitable Remand

Under 28 U.S.C. § 1334(c)(1), the Court may determine that it should permissively abstain from entertaining certain bankruptcy-related matters. *See Gober*, 100 F.3d at 1206–07. Section 1334(c)(1) provides that a district court "in the interest of justice, or in the interest of comity with State courts or respect for State law" may abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. 28 U.S.C. § 1334(c)(1). This section grants "the district court broad power to abstain whenever appropriate." *Wood*, 825 F.2d at 93.

The factors that a district court considers to determine whether it should permissively abstain also support equitable remand under 28 U.S.C. § 1452, which Orion also seeks. *See Massey v. Genco*, Civ. A. No. 96–1913, 1997 WL 61449, at *2 (E.D.La.1997) (citing *Borne v. New Orleans Health Care, Inc.*, 116 B.R. 487, 494–95 (E.D.La.1990)).[7] The Court must consider the following factors to decide whether permissive abstention or equitable remand is warranted: (1) forum non conveniens; (2) bifurcation of the civil action; (3) centralization of the entire action in one court; (4) expertise of the particular court; (5) duplicative or wasteful use of judicial resource; (6) prejudice to involuntarily removed parties; (7) comity issue; and (8) a diminished likelihood of inconsistent results. *Hospital Service District No. 3 of Parish of LaFourche v. Fidelity & Deposit Co. of Maryland*, 1999 WL 294795 (citing *Browning v. Navarro*, 743 F.2d 1069, 1077 n. 21 (5th Cir.1984)).

The explosion at the Norco refinery occurred in St. Charles Parish. The majority of witnesses also reside in St. Charles Parish, rendering state court slightly more convenient to the witnesses. Another factor that favors abstention is the presence of nondebtor and non-bankruptcy related parties. *See In re Engra, Inc.*, 86 B.R. 890, 895 (S.D.Tex.1988). Except for Fluor, none of the insurance companies or other defendants in this suit is a party to the bankruptcy proceeding. Because there is no evidence in the record that all of the defendants consent to removal, it would be inequitable to require them to litigate in federal court if they chose to litigate in state court. In addition, Orion's claims are state law claims under Louisiana Civil Code articles 2315, 2316, and 2320, and the state court is better equipped to decide questions of state law, which would also decrease the likelihood of inconsistent state law decisions. *See KSJ Dev. Co. of La. v. Lambert*, 223 B.R. 677, 680 (E.D.La.1998).

One other factor also weighs in favor of permissive abstention. The greater part of any recovery in Orion's suit will not benefit the bankruptcy estate. Orion is suing on behalf of ten subrogated insurance companies who seek to recover from defendant Fluor and others the amounts that they have paid on behalf of Orion due to the explosion. Their recoveries therefore do not benefit the estate. The Court finds that the majority of the permissive abstention (and equitable remand) factors therefore weigh in favor of abstention.

Fluor argues that in its Amended Disclosure Statement, Orion invoked jurisdiction in the bankruptcy court for suits such as this one. This factor does not alter the

---

7. Section 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

Court's conclusion that remand is proper here. Indeed, the debtor, Orion, has chosen to liquidate its claim in state court. Orion does not perceive that liquidating its claim in state court will impede resolution of its bankruptcy case, and the Court finds no evidence in the record that the state court suit will have any detrimental effect on the efficient administration of the bankruptcy estate.

## III.  Other Motions

Because the Court finds that permissive abstention is appropriate here, the Court does not reach the other motions before it.

## IV.  Conclusion

Accordingly, and for the reasons set forth above, the Court grants Orion's motion to remand. The Court permissively abstains from entertaining this suit under 28 U.S.C. § 1334(c)(1) and remands the matter on equitable grounds under 28 U.S.C. § 1452(b). The Court remands this matter to the 29th Judicial District Court for the Parish of St. Charles.