354 F.Supp.2d 1041 (2005)
Kristina ROBERTS, Plaintiff,
v.
Elizabeth PALMER, et al., Defendants.
No. 404CV1187FRB.
United States District Court, E.D. Missouri, Eastern Division.
January 27, 2005.
*1042 Stephen F. Meyerkord, Steven D. Rineberg, Meyerkord and Steward, St. Louis, MO, for Plaintiff.
Lawrence R. Smith, Brinker and Doyen, Clayton, MO, Terese A. Drew, Hinshaw and Culbertson, J. Patrick Chassaing, Curtis Heinz Garrett & O'Keefe, ST. Louis, MO, for Defendants.

MEMORANDUM AND ORDER
BUCKLES, United States Magistrate Judge.
Presently pending before the Court is plaintiff Kristina Roberts' Motion to Remand (filed October 1, 2004/Docket No. 4). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).
Plaintiff Kristina Roberts brought this cause of action in the Circuit Court of the City of St. Louis, Missouri, alleging that defendant Elizabeth Palmer caused plaintiff to suffer injuries and damages as a result of Palmer's negligent operation of her motor vehicle. Plaintiff further alleges that defendant Palmer's negligent operation of her motor vehicle was caused by defendant American Red Cross' (Red Cross') negligence in permitting Palmer to operate a motor vehicle and in failing to advise Palmer not to operate a motor vehicle, after suffering an episode of syncope immediately upon donating blood at a blood drive sponsored by the defendant Red Cross. Defendant Red Cross removed the matter to this Court on September 1, 2004, invoking 36 U.S.C. § 300105(a)(5) (2001) which permits the American Red Cross to "sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States," determined by the United States Supreme Court to confer original federal jurisdiction in all cases in which American Red Cross is a named party. American Nat'l Red Cross v. S.G., 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992). In its Notice of Removal, Red Cross averred that defendant Palmer had not yet been served in the matter, and thus that her consent was not required for Red Cross to remove the matter to federal court. Service of process was effectuated upon defendant Palmer subsequent to removal, and specifically, on September 14, 2004.
In the instant motion, plaintiff seeks to remand the case to State court, arguing that defendant Palmer was required to consent to defendant Red Cross' removal within thirty days of service upon her, that is, not later than October 14, 2004; and that the failure of defendant Palmer to timely consent caused the removal to be procedurally defective. Defendant Red Cross has responded to the motion. A hearing on the motion was held before the undersigned on December 22, 2004.

I. Background
Plaintiff originally filed this action in the Circuit Court of the City of St. Louis, Missouri, on August 11, 2004, naming Elizabeth Palmer and The American Red Cross as defendants in the cause. Information before the Court shows defendant Red Cross to have been served with process on August 12, 2004, whereupon, on September 1, 2004, Red Cross removed the matter to this Court. At the time of removal, defendant Palmer had not yet been served.
*1043 Service was effectuated upon defendant Palmer on September 14, 2004. Counsel thereafter entered an appearance on behalf of defendant Palmer and Palmer's Answer to plaintiff's petition was filed in this Court on September 29, 2004. On October 1, 2004, plaintiff filed the instant Motion to Remand contending that defendant Palmer was required to consent to defendant Red Cross' removal within thirty days from the date of service upon her, that is, not later than October 14, 2004, and that the failure to timely consent would result in a procedural defect in the removal process, requiring remand. Defendant Palmer filed a "Consent to Removal" on October 20, 2004, to which plaintiff immediately objected as untimely.
In the meanwhile, defendant Palmer has filed a Crossclaim for damages and contribution against defendant Red Cross to which Red Cross has answered; and defendant Red Cross has filed a Crossclaim for contribution against defendant Palmer to which Palmer has answered. In addition, all parties have separately filed written Consents to Jurisdiction by United States Magistrate Judge, with full consent of the parties having been obtained by this Court on November 18, 2004, thereby conferring authority upon the undersigned pursuant to 28 U.S.C. § 636(c) to determine all matters in this cause.

II. Discussion
The sole issue involved in the instant motion is whether, in an action removed from State court in which any one or more of the defendants has not been served with process, a subsequently served defendant must clearly and unambiguously consent to the prior removal and, if so, when such consent must be communicated to the Court. Plaintiff argues that the consent of such a defendant is required to be communicated to the Court within thirty days of service upon it. For the following reasons, the undersigned determines such consent not to be required in any instance, and thus, plaintiffs Motion to Remand should be denied.
The removal of a civil action from State to federal court, and the procedures relating thereto, are creatures of statute. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 31, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002); Continental Cablevision of St. Paul, Inc. v. United States Postal Serv., 945 F.2d 1434, 1435 (8th Cir.1991); State of N.D. v. Fredericks, 940 F.2d 333, 338 (8th Cir.1991) ("Removal is entirely a creature of statute[,]" regulated in detail by Congress ever since its enactment). See also Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 745 (3d Cir.1995) (Congress has enacted "a comprehensive statutory scheme for the removal of State court actions to federal court" and for remand of such actions back to State court). The determination, then, of whether this Court may properly exercise removal jurisdiction in any given cause is one of statutory interpretation. Continental Cablevision, 945 F.2d at 1435. "It is a fundamental canon of statutory interpretation that we begin with the language of the statute and ask whether Congress has spoken on the subject before us. If the intent of Congress is clear, that is the end of the mattert.]" Citicasters v. McCaskill, 89 F.3d 1350, 1354 (8th Cir.1996).
Removal of an action from State court to federal court is authorized by 28 U.S.C. § 1441 and its procedures are governed by 28 U.S.C. § 1446.
[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division *1044 embracing the place where such action is pending.
28 U.S.C. § 1441(a).[1]
A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court ... a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
28 U.S.C. § 1446(a).
A defendant has thirty days after service and receipt of the initial pleading within which file a notice of removal. 28 U.S.C. § 1446(b).
Courts have interpreted § 1446 to impose a "rule of unanimity" which requires all defendants who have been served prior to removal to join in the removal petition or clearly and unambiguously communicate to the court their consent to the removal within thirty days of service upon them. Marano Enters, of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir.2001); Amteco, Inc. v. BWAY Corp., 241 F.Supp.2d 1028, 1030, 1032 (E.D.Mo.2003) (citing Thorn v. Amalgamated Transit Union, 305 F.3d 826, 832 (8th Cir.2002); Ross v. Thousand Adventures of Iowa, Inc., 178 F.Supp.2d 996 (S.D.Iowa 2001)). It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal. See Jones v. Kremer, 28 F.Supp.2d 1112, 1113 n. 2 (D.Minn. 1998); see also Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir.1985) (removal petition effective provided that it alleges that defendants who did not join in it were not served in the state proceeding); Ross v. Thousand Adventures of Iowa, Inc., 178 F.Supp.2d 996, 999-1000 (S.D.Iowa 2001) (unserved defendants excepted from joining in removal petition).
In this cause, only defendant Red Cross was served at the time the matter was removed from State court. Because process had not yet been effectuated upon defendant Palmer at the time of removal, Red Cross was not required to obtain her consent to and/or joinder in the removal. The initial removal on September 1, 2004, therefore, was not procedurally flawed, and the matter was properly brought before this Court. The question turns, then, to whether subsequent procedural action may destroy the otherwise properly invoked removal jurisdiction of the federal court.
Sections 1447 and 1448 of Title 28 govern the procedures and process within the federal court after a case is removed from State court. Section 1448 governs cases where, as here, a defendant who is not yet served at the time of removal, is served with process subsequent to the case's removal to federal court:
In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, ... such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

*1045 This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.
28 U.S.C. § 1448.
Notably, the only action contemplated by § 1448 to be taken upon the post-removal service of a previously unserved defendant is for the defendant to move to remand the case to State court. Nowhere does the statute require an affirmative act of consent by this defendant in order for an otherwise properly removed action to remain in federal court. If Congress had intended the additional procedural requirement of affirmative consent, it could have so stated. See Citicasters, 89 F.3d at 1355 n. 6 (action by Congress in area "strongly suggests that Congress is capable of enacting legislation that it intends, and that by its silence Congress did not mean to create additional procedural requirements."). In addition, although § 1448 specifically permits a subsequently served defendant to seek remand to State court, the statute confers no rights upon a plaintiff to move to remand a matter on the basis of any action or inaction of this defendant. The Third Circuit Court of Appeals recognized this in Lewis v. Rego Co., 757 F.2d 66 (3d Cir.1985):
[T]he removal statute contemplates that once a case has been properly removed the subsequent service of additional defendants who do not specifically consent to removal does not require or permit remand on a plaintiffs motion. The statute itself contemplates that after removal process or service may be completed on defendants who had not been served in the state proceeding. The right which the statute gives to such a defendant to move to remand the case confers no rights upon a plaintiff.
Id. at 69 (citing 28 U.S.C. § 1448).
The United States District Court for the Western District of Missouri previously reached the same result: "Any defendant so subsequently served may move to remand the case to the state court, but a plaintiff may not do so if jurisdiction of the United States District Court is established over the action." Hutchins v. Priddy, 103 F.Supp. 601, 607 (W.D.Mo.1952).
The determination that a subsequently served defendant is not required to affirmatively consent to the pre-service removal of a State action to federal court, and that a plaintiff may not seek remand on the basis of such a defendant's failure to so consent, is further bolstered by a reading of 28 U.S.C. § 1447. Section 1447, which itself contemplates a removed case with unserved defendants,[2] permits a plaintiff to seek remand on the basis of a procedural defect in removal, but directs that such a motion "must be made within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c) (emphasis added). One can certainly envision circumstances where a named defendant may not be served until after the expiration of this thirty-day period prescribed in § 1447(c), and no exception exists, by statute or otherwise, permitting a plaintiff to seek remand outside of this thirty-day limitation for procedural defects in the removal. Notably, the statute does create an exception for challenges to the federal court's subject matter jurisdiction, permitting motions to remand on such bases to be made at any time. If Congress had intended any other exceptions, it could have so stated. See Citicasters, 89 F.3d at 1355 n. 6. In addition, nothing in § 1447 permits or arguably contemplates *1046 the "protective filing" of a motion to remand to preserve a plaintiffs interest in seeking a remand on procedural grounds in the event a defendant is not served within thirty days of removal or, if served, fails to consent during this period. Any such protectively-filed motion, if permitted, would be based on nothing more than speculation and conjecture inasmuch as relief could be granted only if the defendant is prospectively served and if the defendant fails to consent to removal. To engage in such speculative practice appears to the undersigned not to be an efficient use of judicial resources, especially in the absence of statutory authority supporting the practice.
Finally, the undersigned notes that 28 U.S.C. § 1447(e) permits cases otherwise properly removed from State court to be remanded on the basis of subsequently occurring action, but only in the limited circumstance where the federal court's subject matter jurisdiction is destroyed by such action in the case.[3] Other than Congress' express intent in § 1448 to permit a subsequently served defendant to seek remand, no statutory provision exists to permit remand on the basis of a subsequently occurring action which goes only to the procedural aspect of removal in a matter otherwise properly removed to federal court.
Upon review of the statutes governing removal and remand, both singly and in combination, the undersigned determines that in an action properly removed from State court in which any one or more of the defendants has not been served with process, Congress did not intend that a subsequently served defendant be required to affirmatively consent to the prior removal in order for the federal court to retain jurisdiction over the cause.
Plaintiffs are correct that there is a general rule of unanimity, requiring all non-fraudulently joined defendants to agree to removal.... Nonetheless, there are several exceptions. The rule does not apply to any defendant which has not been served or is not otherwise in receipt of the complaint by the time of removal.... A defendant ... which is served after removal does not need to take any affirmative step in order for the federal court to retain jurisdiction. While a defendant served after removal may move for remand under 28 U.S.C. § 1448, a plaintiff has no comparable right.... A plaintiff may successfully challenge removal based on lack of unanimous consent only with respect to non-fraudulently joined defendants served or otherwise in receipt of the complaint by the time of removal. [Where a defendant] does not fit into either category, its consent to removal was not and is not required.
Reeser v. NGK Metals Corp., 247 F.Supp.2d 626, 631 (E.D.Pa.2003).
Because defendant Palmer was served with process subsequent to the removal of this action from State court to federal court, she was not required to affirmatively consent to defendant Red Cross' removal in order for this properly removed action to remain before this Court. Therefore, defendant Palmer's failure to consent to removal, whether within thirty days of service or otherwise, does not result in a procedural defect requiring remand. Plaintiffs Motion for Remand on such a basis should therefore be denied.
Therefore,
*1047 IT IS HEREBY ORDERED that plaintiff Kristina Roberts' Motion to Remand (Docket No. 4) is denied.
NOTES
[1] Plaintiff does not challenge this Court's original subject matter jurisdiction over the instant cause.
[2] See 28 U.S.C. 1447(a): "In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise."
[3] "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).